624 So.2d 100 (1993)
Donald HARRIS
v.
STATE of Mississippi.
No. 91-KP-0878.
Supreme Court of Mississippi.
September 16, 1993.
Donald Harris, pro se.
Michael C. Moore, Atty. Gen., Charles W. Maris, Jr., Sp. Ass't. Atty. Gen., Jackson, for appellee.
Before HAWKINS, C.J., and PITTMAN and BANKS, JJ.
HAWKINS, Chief Justice, for the Court:
This appeal arises from the Grenada County Circuit Court's denial of Donald Harris' *101 motion for post-conviction relief. Finding that the trial court erred in denying Harris' motion without conducting an evidentiary hearing, we reverse and remand.

FACTS
Donald Harris, represented by court-appointed counsel, was convicted of aggravated assault in the Circuit Court of Grenada County on February 21, 1991. He was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections. No appeal was timely perfected from the final judgment of conviction. On July 17, 1991, Harris, acting pro se, filed a Motion for Production of Records in the trial court. Harris asked that the transcript of his trial proceedings and any other pertinent documents be produced for him, at county expense, so that he could apply for habeas corpus relief in federal court. This motion was denied by order dated July 19, 1991. Harris filed a notice of appeal from this order.
On August 7, 1991, Harris, acting pro se, filed in the trial court a motion for appointment of counsel. This motion was denied by order dated August 13, 1991.
On August 22, 1991, Harris, once again acting pro se, filed a Motion for Right to Appeal Prior Conviction in the trial court. Harris alleged that he had asked his court-appointed counsel to appeal his conviction of aggravated assault to this Court, and that she had informed him that an appeal would cost $2,400.00. Harris also presented in support of his motion the affidavit of one Anthony Turner, who stated that he had been in the courtroom the day Harris was tried and convicted, and that he had heard Harris tell his attorney that he wanted to appeal his conviction. According to the affidavit, Turner then heard the attorney tell Harris that she would inform the court of this. Harris subsequently filed another notice of appeal, though it is not clear what he was attempting to appeal from. Harris also made a request to the circuit clerk for production of records under the Freedom of Information Act.
In an attempt to bring some clarity to this series of orders and notices of appeal, the trial court entered a final order on January 22, 1992, consolidating all notices of appeal and denying Harris' request for production of documents and his motion for appeal from his conviction. Harris has perfected his appeal from that ruling to this Court.

LAW
Donald Harris raises the trial court's dismissal of his Motion for Right to Appeal Prior Conviction without holding an evidentiary hearing as his sole assignment of error. To show that he is entitled to an out-of-time appeal, Harris has the burden of proving, by a preponderance of the evidence, that he asked his attorney to appeal within the time for giving notice of appeal, and that the attorney, through no fault of Harris, failed to do so. Miss. Code Ann. § 99-39-23(7) (Supp. 1992); Minnifield v. State, 585 So.2d 723, 724 (Miss. 1991). Miss.Sup.Ct.R. 6(b)(1) further provides:
When Counsel Appointed in Trial Court.
Appointed trial counsel shall continue as defendant's counsel on appeal unless relieved by order of the trial court, or if the appeal has been perfected, by order of this Court. Any motion for such relief filed with this Court shall be accompanied by a certified copy of a trial court order appointing a substitute counsel pending action by this Court.
The record shows that Harris, as an indigent, was represented by appointed counsel in the trial court. There is nothing in the record to show that counsel for Harris was ever relieved of her duties in that regard, by the trial court or by this Court.
In Harris v. State, 578 So.2d 617 (Miss. 1991), appellant John Harris filed a motion for out-of-time appeal, alleging that he had instructed his court-appointed attorney to file an appeal from his conviction of aggravated assault. Harris supported his motion with an affidavit supporting his claim. The trial court ordered the record expanded to include an affidavit from the court-appointed attorney. This affidavit directly contradicted Harris'. There was no evidentiary hearing. Noting this contradiction, and the fact that the attorney's affidavit was deficient concerning his dealings with Harris, this Court reversed *102 and remanded for an evidentiary hearing. "Disputes between lawyer and client over instructions to take or not to take an appeal are difficult to resolve without a record." Harris, 578 So.2d at 620; see also Wright v. State, 577 So.2d 387 (Miss. 1991) (evidentiary hearing warranted on question of request for appeal where affidavits of appellant and attorney were contradictory).
The trial courts, in Harris and Wright, at least required the attorney involved to submit an affidavit on his or her version of the facts concerning the failure to perfect an appeal. Not only did Donald Harris not receive an evidentiary hearing on his claim, but the record in this appeal is devoid of any kind of response from the attorney involved. Based on this record and the aforementioned authority we have no choice but to reverse and remand for an evidentiary hearing. However, this decision should not be seen as a modification of the rule stated in Harris as to the requirement of an evidentiary hearing:
This is not to say that an evidentiary hearing is to be ordered every time there are contradictory affidavits. In order for a contested fact to require an evidentiary hearing it must be material. Moreover, where an affidavit is belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary, to the extent that the court can conclude that the affidavit is a sham, no hearing is required. See, Albertson v. T.J. Stevenson & Co., 749 F.2d 223 (5th Cir.1984); Perma Research & Dev. Co. v. Singer Co., 410 F.2d 572 (2d Cir.1969).
Harris, 578 So.2d at 620.
The record before us does not even contain contradictory affidavits; on the issue of the out-of-time appeal, we are left only with Donald Harris' motion and Anthony Turner's affidavit. Therefore, the judgment of the Grenada County Circuit Court is reversed and this cause remanded for an evidentiary hearing.
REVERSED AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.