# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-KP-00399-SCT

*JACK WITTEN JONES a/k/a EDWARD*

*EUGENE SHELTON*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/21/95 |
| TRIAL JUDGE: | HON. KOSTA N. VLAHOS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | CONO CARANNA |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 9/25/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/16/97 |

**BEFORE DAN LEE, C.J., McRAE AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

Jack Witten Jones pled guilty to the crime of burglary in the Circuit Court of Harrison County and was sentenced as a habitual offender. Jones now appeals to this Court from the summary dismissal of his motion for post-conviction relief. Jones, relying on **McNeal v. State**, 658 So. 2d 1345 (Miss.1995), argues that the indictment charging him as a habitual offender was fatally defective because it failed to conclude with the language "against the peace and dignity of the State." Jones also argues that his counsel was ineffective and that he is entitled to an evidentiary hearing. Finding Jones's assignments of error to be without merit, we affirm.

## STATEMENT OF FACTS

On May 14, 1991, Jack Witten Jones was indicted as an habitual offender for the crime of burglary of a dwelling. Upon entry of his guilty plea, Jones was sentenced as an habitual offender by the trial court to serve a term of eight years in the custody of the Mississippi Department of Corrections without benefit of probation or parole. Jones thereafter filed a motion for post-conviction relief on March 26, 1994. However, because Jones filed the motion under a criminal cause number, the Harrison County Court Administrator's Office notified Jones that the motion should be refiled as a civil cause of action. On March 29, 1994, this Court issued an Order denying Jones's Petition for Writ of Mandamus and advised Jones to refile his post-conviction motion as a civil motion. Jones again filed his motion under a criminal cause number on April 12, 1995, but properly filed his Amended Motion to Vacate Habitual Offender Portion of Sentence and/or Motion to Vacate Conviction and Sentence on August 18, 1995. On February 29, 1996, Jones filed a Supplemental Argument to Amended Post-Conviction Motion.

After review, the trial court found that Jones's motion failed to conform with the requirements set forth in Miss. Code Ann. § 99-39-9(3) which requires that all motions for post-conviction relief "shall be verified by oath of the prisoner." Finding that Jones failed to include the proper affidavit including an oath, the trial court summarily dismissed Jones's motion on March 21, 1996. Aggrieved, Jones now appeals to this Court citing the following issues:

> **I. WHETHER JONES'S MOTION FOR POST-CONVICTION RELIEF FAILED TO MEET THE REQUIREMENTS SET FORTH IN MISS. CODE ANN. § 99-39-9 (3).**
>
> **II. WHETHER THE FAILURE OF THE STATE TO RESPOND TO JONES'S MOTION FOR POST-CONVICTION RELIEF WARRANTED AN EVIDENTIARY HEARING.**
>
> **III. WHETHER JONES WAS PROPERLY SENTENCED AS AN HABITUAL OFFENDER PURSUANT TO MISS. CODE ANN. § 99-19-81.**
>
> **IV. WHETHER JONES RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.**
>
> **DISCUSSION OF LAW**
>
> **I. WHETHER JONES'S MOTION FOR POST-CONVICTION RELIEF FAILED TO MEET THE REQUIREMENTS SET FORTH IN MISS. CODE ANN. § 99-39-9 (3).**

Miss. Code Ann. § 99-39-9 sets forth the requirements of motions and service under the Post-Conviction Relief Act. Section 99-39-9(3) specifically requires that each motion "shall be verified by the oath of the prisoner." In his order of March 21, 1996, Circuit Judge Kosta Vlahos found that Jones's motion for post-conviction relief should be dismissed because "petitioner's oath is insufficient".

Filed with Jones's Amended Motion for Post-Conviction Relief is a document styled "Acknowledgment," which is notarized by a notary public and sets forth the following:

> Personally appeared before me, the undersigned authority in and for the above jurisdiction, Jack Witten Jones, who, after being first duly sworn, on oath, states that he is the Petitioner in the foregoing amended post-conviction relief motion to vacate, set aside and strike habitual portion

of sentence, and that the facts and matters stated therein are true and correct to the best of his knowledge and belief.

Also accompanying Jones's amended motion is Exhibit "A", the Affidavit of Jack Witten Jones which contains (in pertinent part) the following:

> 3. I further state that pursuant to Mississippi Code Annotated § 99-39-9 (1)(d) I hereby swear that the foregoing statement of facts within my personal knowledge are true and correct as therein stated.

The trial court found that Jones's affidavit failed to contain the oath required by § 99-39-9(3) and dismissed the motion. The trial judge stated that in order "to meet the verification requirement of Section 99-39-9(3) . . . the petitioner must sign and incorporate in his petition an affidavit similar to the following form:"

> Personally appeared before me the undersigned authority, _____, the petitioner in this pleading, who after being first duly sworn on his oath states: (1) that he has read the above and foregoing petition to which he has subscribed his name; (2) that he knows the contents thereof and the facts therein stated; (3) that the facts stated therein are true and correct; (4) that they are freely, knowingly and voluntarily made; and (5) that he has signed and sworn to this petition with the full knowledge that every person who shall willfully and corruptly swear falsely to any material matter under any oath in any matter, cause or proceeding in any court of law shall upon conviction be punished by imprisonment in the penitentiary not exceeding ten (10) years.
>
> _____
>
> Petitioner's Name
>
> Sworn to and subscribed before me this the _____ day of _____, 19___.
>
> _____
>
> Notary Public

Jones now argues that "[t]he post-conviction motion is supported by affidavit, . . . although not worded exactly as demonstrated by the trial court." Jones argues that "§ 99-39-1 does not state that a litigant must exactly comply with the dictates of the statute" and moreover, "that pro se prisoners are not to be held to the same standards as seasoned professional lawyers."

The issue before this Court is whether Jones's motion meets the basic pleading requirements of Miss. Code Ann. § 99-39-9. This Court has repeatedly held that "where a prisoner is proceeding *pro se*, we take that fact into account and, in our discretion, credit not so well pled allegations." *Scott v. State*, 590 So. 2d 875 (Miss.1991)(*citing Moore v. Ruth*, 556 So. 2d 1059, 1061 (Miss.1990)); *Myers v. State*, 583 So. 2d 174 (Miss.1991); *Sanders v. State*, 440 So. 2d 278, 283 n.1 (Miss.1983); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

We hold that Jones's motion for post-conviction relief does contain an "oath" as required by Miss.

Code Ann. §  99-39-9(3). As a matter of form, the acknowledgment which accompanies Jones's motion is not phrased exactly like that suggested by the trial court, however, substantively the acknowledgment contains an "oath" wherein Jones swears that the "facts and matters stated therein are true and correct to the best of his knowledge and belief." Moreover, there is no express statutory requirement that a particular form of oath accompany a motion for post-conviction relief. Therefore, Jones's motion satisfies the requirements set forth in Miss. Code Ann. § 99-39-9 (3).

## II. WHETHER THE FAILURE OF THE STATE TO RESPOND TO JONES'S MOTION FOR POST-CONVICTION RELIEF WARRANTED AN EVIDENTIARY HEARING.

Jones next argues that the failure of the State to file an answer to his motion for post-conviction relief requires an evidentiary hearing. Jones, relying on *Harris v. State*, 624 So. 2d 100 (Miss.1993), argues that the failure of the State to file an answer to his allegations requires this Court to accept his assertions as true.

Miss. Code Ann. § 99-39-9 (5) expressly provides:

> (5) The prisoner shall deliver or serve a copy of the motion, together with a notice of its filing, on the state. *The filing of the motion shall not require an answer or other motion unless so ordered by the court under section 99-39-11(3).*

Miss. Code Ann. § 99-39-11 provides (in pertinent part):

> (2) If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.

> (3) If the motion is not dismissed under subsection (2) of this section, the judge shall order the state to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

In the case sub judice, the trial judge dismissed Jones's motion for failure to conform with Miss. Code Ann. 99-39-9(3). Thus, after Jones filed his motion, an answer was not required by the State by virtue of Miss. Code Ann. § 99-39-9(5). Following the dismissal of his motion, no answer was required by the State by virtue of Miss. Code Ann. § 99-39-11(3). This issue is without merit.

## III. WHETHER JONES WAS PROPERLY SENTENCED AS AN HABITUAL OFFENDER PURSUANT TO MISS. CODE ANN. § 99-19-81.

Jones next argues that the indictment returned by the grand jury was fatally defective because it failed to comply with Section 169 of the Mississippi Constitution of 1890 which requires:

> The style of all process shall be "The State of Mississippi," and all prosecutions shall be carried on in the name and by authority of the "State of Mississippi," and all indictments shall conclude "against the peace and dignity of the state."

Jones argues that he was improperly sentenced as an habitual offender because the above-cited

language was set forth prior to the portion of the indictment wherein Jones's habitual status was charged. A review of the indictment returned by the grand jury indicates that after the language wherein the offense of burglary of a dwelling was charged but prior to the language wherein Jones's habitual status was charged, the following language was set forth: "contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi." This language was not repeated after Jones's habitual status was charged and therefore the indictment failed to *conclude* properly.

This Court was faced with an identical challenge in *McNeal v. State*, 658 So. 2d 1345 (Miss.1995), where the portion of the indictment charging McNeal as a habitual offender was on a separate page from the remainder of the indictment. The language required by Section 169 of the Mississippi Constitution of 1890 was found on the first page of the indictment and therefore the indictment failed to conclude properly.

In *McNeal*, this Court rejected the argument by the State that such an omission was merely a harmless technical error and held:

> Section 169 of the Mississippi Constitution of 1890 clearly states that a criminal indictment must "*conclude* 'against the peace and dignity of the state.'" (emphasis added). Although the indictment in the case at bar contained these words and the defendant was sufficiently on notice as to what criminal charges were being brought against him, the habitual offender portion of the indictment came after the words "against the peace and dignity of the state." In the words of the *Love* Court, "the provision appears to us to be idle and meaningless, but we find it in the fundamental law, and we cannot disregard it." *Love*, 8 So. 465. This is not an instance where this Court can argue semantics. The word "conclude" is neither ambiguous nor vague. It simply means "to bring to an end." Webster's New Collegiate Dictionary (1974). Even though McNeal was not prejudiced in this instance, § 169 of the state constitution was not complied with and that portion of the indictment charging McNeal as an habitual offender was fatally defective.

*Id.* at 1350. As a result of the defective indictment, this Court vacated McNeal's habitual offender status. However, McNeal's burglary conviction and his resulting seven-year sentence were upheld.

Jones, like McNeal, does not argue that he was deprived of notice of the charges against him, but rather focuses on the failure of the indictment to conclude properly. Jones therefore requests that this Court vacate his habitual offender status.

In *Brandau v. State*, 662 So. 2d 1051 (Miss.1995), this Court was again faced with the failure of the indictment to contain the proper conclusion. There, this Court held that "the formal defect in the indictment is curable by amendment" and is therefore subject to Miss. Code Ann. § 99-7-21 which requires that "defects on the face of an indictment must be presented by way of demurrer." *Id.* at 1054-55. This Court concluded that this issue "is subject to waiver for the failure to demur to the indictment in accordance with our statute." *Id.* at 1055. Because Brandau failed to raise this issue at the trial level or in his original brief before this Court, but rather raised the issue for the first time in his Petition for Rehearing, this Court held that the issue was procedurally barred. *Id.* at 1054.

The record below does not include a transcript of the guilty plea hearing from which to determine whether Jones raised this issue, however, the entire premise of Jones's fourth assignment of error is

that his trial counsel was ineffective due to the failure to raise this issue at the guilty plea hearing. Jones therefore clarifies any ambiguity regarding his failure to raise this issue. This issue is procedurally barred. *Brandau v. State,* 662 So. 2d 1051 (Miss.1991).

Moreover, in *Brooks v. State*, 573 So. 2d 1350, 1352 (Miss.1990), this Court held:

> A valid guilty plea, however, admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant.

(citations omitted).

As argued by the State, "Jones has never contended that his guilty plea to house burglary and recidivism was anything other than freely and voluntarily given." In his brief before this Court, Jones does not argue that his guilty plea was involuntary. Consequently, Jones's valid guilty plea waived all non-jurisdictional defects in the indictment. *Brooks*, 573 So. 2d at 1352. This issue may not be raised for the first time in an application for post-conviction relief "absent a showing of cause and actual prejudice." Miss. Code Ann. § 99-39-21 (1). This issue is without merit.

### IV. WHETHER JONES RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

In *Brooks v. State*, 573 So. 2d 1350, 1353 (Miss.1990), this Court addressed the application of *Strickland v. Washington*, 466 U.S. 668 (1984), to guilty pleas. There, this Court held:

> It is clear the two part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984) "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Leatherwood v. State*, 539 So. 2d 1378, 1381 (Miss.1989) quoting from *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210 (1985).
>
> In order to prevail on his claim of ineffective assistance of counsel, Brooks must show, first of all, "that his counsel's performance was deficient and second, that the deficient performance prejudiced the defense so as to deprive him of a fair trial." *Perkins v. State*, *supra*, 487 So. 2d at 793. The burden is upon the defendant to make "a showing of *both*." *Wilcher v. State*, 479 So. 2d 710, 713 (Miss.1985)(emphasis supplied).
>
> To obtain an evidentiary hearing in the lower court on the merits of an effective assistance of counsel issue, a defendant must state "a claim *prima facie*" in his application to the Court. *Read v. State*, 430 So. 2d 832, 841 (Miss.1983). To get a hearing ". . . he must allege . . . with specificity and detail" that his counsel's performance was deficient and that the deficient performance prejudiced the defense. *Perkins v. State*, *supra*, 487 So.2d at 793; *Knox v. State*, 502 So.2d 672, 676 (Miss.1987).

Jones argues that he received ineffective assistance of counsel due to his attorney's failure to object to the defective indictment. Jones argues that counsel was "deficient in his performance by not investigating and scrutinizing the indictment to determine its validity." Jones concludes "had defense counsel made an objection, the appellant would not be sentenced as a habitual offender."

Foremost to the inquiry regarding ineffective assistance of counsel is the failure of Jones to support his motion for post-conviction relief with affidavits other than his own. In *Brooks*, this Court held

that the petitioner's motion was without merit where "[t]he facts he alleged in his proposed motion and the brief submitted in support thereof were not supported by any affidavits other than his own." *Id.* at 1354 (*citing Smith v. State*, 490 So.2d 860 (Miss.1986)(Defendant seeking post-conviction relief based on contention he was deprived of right to effective assistance of counsel, failed to meet the pleading requirements of § 99-39-1(e), Miss. Code Ann.)). *See also Robertson v. State*, 669 So.2d 11, 13 (Miss.1996).

Despite the pleading infirmities, Jones must first demonstrate that counsel's performance was deficient. Admittedly, the indictment failed to properly conclude with the constitutionally-required language. In response, the State argues that *McNeal v. State* "was decided four (4) years after Jones's indictment and over three years following his plea of guilty. . . ." The State concludes that "counsel's performance was not deficient in the constitutional sense simply because another lawyer, several years later, successfully raised the issue." Notwithstanding the argument of the State, *McNeal v. State* was clear: this language is required by the Constitution. Having not objected to the failure of the indictment to contain the proper conclusion, counsel waived this issue for appellate purposes.

Jones, however, is also required to demonstrate that he was prejudiced by the deficient performance of counsel. Jones argues "had defense counsel made an objection, the Appellant would not be sentenced as a habitual offender." In *Brandau v. State*, *supra*, this Court clearly held that the failure to properly conclude an indictment with the language set forth in Section 169 of the Mississippi Constitution may be cured by amendment. Therefore, had counsel objected, the State could have easily amended the indictment. Moreover, Jones never once argues that the indictment, although defective, did not inform him of the pending charges or of his habitual offender status. Jones therefore cannot demonstrate prejudice as required by the second prong of *Strickland v. Washington*, 466 U.S. 668 (1984). This issue is without merit.

## CONCLUSION

Although the trial court dismissed Jones's motion for failure to comply with Miss. Code Ann. § 99-39-9 (3), the motion does include an oath sufficient to meet the initial pleading requirements. However, Jones motion is without merit for several alternative reasons. In *Puckett v. Stuckey*, 633 So.2d 978, 680 (Miss.1993), this Court held that "[w]e will affirm the decision of the circuit court where the right result is reached even though we may disagree with the reason for that result." *See also Riley v. Doerner,* 677 So.2d 740, 745 (Miss.1996); *Kirksey v. Dye*, 564 So.2d 1333 (Miss.1990); *Stewart v. Walls*, 534 So.2d 1033, 1035 (Miss.1988).

Jones is procedurally barred from challenging the failure of the indictment to contain the proper conclusion due to his failure to raise this issue in the trial court. *Brandau v. State*, 662 So.2d 1051 (Miss.1995). Moreover, Jones does not challenge the validity of his guilty plea. This Court has held that the entry of a valid guilty plea "admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant." *See Brooks v. State*, 573 So.2d 1350 (Miss.1990)(citations omitted). Jones has also failed to satisfy the pleading requirements for an ineffective assistance of counsel claim as well as the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). We therefore affirm.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR.**