662 So.2d 1106 (1995)
Edgar Ray DICKEY
v.
STATE of Mississippi.
No. 92-KP-00143-SCT.
Supreme Court of Mississippi.
October 26, 1995.
*1107 Edgar Ray Dickey, pro se.
Michael C. Moore, Attorney General, Deirdre McCrory, Sp. Asst. Attorney General, Jackson, for appellee.
En Banc.
PRATHER, Presiding Justice, for the Court:

I. INTRODUCTION
Appellant Edgar Ray Dickey (Dickey) was charged with murder but convicted of manslaughter and sentenced to twenty years in the custody of Mississippi Department of Corrections. Dickey's motion for Judgment Notwithstanding the Verdict (JNOV) or new trial was overruled. Dickey subsequently filed a petition for an out-of-time appeal, which the circuit court denied after a hearing on the matter. Dickey thereafter filed a motion for reconsideration of his petition, which was also denied. Dickey then filed with this Court a pleading which has been treated as a notice of appeal from the denial *1108 of post-conviction relief. The following issues are presented for review:
A. Whether the Circuit Court of Copiah County erred in denying Appellant's motion for an out-of-time appeal; and
B. Whether Appellant was denied effective assistance of counsel.

II. THE FACTS
At the hearing on Dickey's motion for an out-of-time appeal, Dickey claimed he had received ineffective assistance of counsel at trial, that the State's witnesses had perjured themselves, and that his attorney had prevented him from testifying. When informed by the trial judge that he had to show some basis why his appeal could not have been perfected in a timely manner, Dickey asserted he had asked his lawyer to appeal several times, to no avail. Dickey further claimed that his attorney had not put on witnesses who Dickey felt should have testified. The trial judge noted that he could not rule on matters which had transpired at trial and asked Dickey if he had been prevented from talking to his attorney. Dickey admitted that he had talked to his attorney and was under the impression that an appeal would be perfected.
The trial judge examined letters referred to by Dickey, which Dickey characterized as revealing his request for an appeal. According to the judge, the letters were from Dickey's attorney, to both Dickey and his family, urging the importance of perfecting an appeal.[1] The trial judge concluded that Dickey had failed to show grounds for an out-of-time appeal and overruled the motion.

III. THE LAW

A. Whether the Circuit Court of Copiah County erred in denying Appellant's motion for an out-of-time appeal.

1. The Parties' Contentions
Dickey contends: he requested that his attorney file an appeal; his attorney advised that costs of the appeal must be paid; his attorney failed to advise that the case could be appealed in forma pauperis; and his attorney never sought to withdraw from representation. The State responds that Dickey failed to present evidence that any agreement regarding an appeal had been reached between Dickey and his attorney. Additionally, the State argues that Dickey has failed to make even a perfunctory showing of a meritorious issue for appeal.

2. Analysis
To prove his right to an out-of-time appeal, the movant must show by a preponderance of the evidence that he asked his attorney to appeal within the time allowed for giving notice of an appeal. Moreover, the movant must show that the attorney failed to perfect the appeal and that such failure was through no fault of the movant. Harris v. State, 624 So.2d 100, 101 (Miss. 1993) (citing Miss. Code Ann. § 99-39-23(7) (Supp. 1992); Minnifield v. State, 585 So.2d 723, 724 (Miss. 1991)).
This Court has said that an evidentiary hearing is warranted on the question of whether an appeal was requested where affidavits of the appellant and the attorney are contradictory. Harris, 624 So.2d at 102 (citing Wright v. State, 577 So.2d 387 (Miss. 1991)). In Harris, this Court reversed and remanded for an evidentiary hearing because the record before the Court was devoid of any response from the attorney involved. Harris, 624 So.2d at 102. However, this Court noted that an evidentiary hearing was not necessary in each case where contradictory affidavits are presented.
In order for a contested fact to require an evidentiary hearing it must be material. Moreover, where an affidavit is belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary, to the extent that the court can conclude that the affidavit is a sham, no hearing is required.
Id., 624 So.2d at 102 (quoting Harris v. State, 578 So.2d 617, 620 (Miss. 1991)).
*1109 It appears that Dickey has failed to meet his burden of proof. Although the record contains an affidavit by Dickey claiming that he asked his attorney to appeal, the letters in the record authored by Dickey's attorney reveal otherwise. Dickey failed to show that he asked his attorney to appeal and, moreover, failed to show that the attorney failed to perfect an appeal through no fault of Dickey. Instead, it seems that the attorney urged Dickey and his family to agree to an appeal, but that no agreement regarding an appeal was ever reached.
Although there is no response from the attorney in the record before this Court, it does not seem that an evidentiary hearing is required in this case as the letters authored by Dickey's attorney provide documentary evidence sufficient for this Court to conclude that Dickey's affidavit is a sham. See Harris, 624 So.2d at 102 (quoting Harris v. State, 578 So.2d 617, 620 (Miss. 1991)).
B. Whether Appellant was denied effective assistance of counsel.

1. The Parties' Contentions
Dickey contends his attorney was ineffective because he failed to perfect an appeal within the time allowed. As the failure to perfect an appeal was sufficiently deficient performance to deny Dickey of actual or constructive assistance of counsel altogether, Dickey claims he is not required to show that he had some chance of success on appeal. The State responds that Dickey has failed to show that he requested an appeal, therefore he has failed to prove deficient performance on the part of his attorney.

2. Analysis
To successfully claim ineffective assistance of counsel the defendant/Appellant must meet the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), and adopted by this Court. Knight v. State, 577 So.2d 392, 394 (Miss. 1991). This test requires a showing of (1) deficiency of counsel's performance (2) sufficient to constitute prejudice to the defense. McQuarter v. State, 574 So.2d 685, 687 (Miss. 1990). The burden to demonstrate both prongs is on the defendant and he faces a strong but rebuttable presumption that counsel's performance falls within the broad spectrum of reasonable professional assistance. Id., 574 So.2d at 687. This Court must determine whether counsel's performance was both deficient and prejudicial based upon the totality of the circumstances. Carney v. State, 525 So.2d 776, 780 (Miss. 1988). Only where there is a reasonable probability that without counsel's errors the outcome of the trial would have been different will this Court find ineffective representation. Reed v. State, 536 So.2d 1336, 1339 (Miss. 1988) (citing Cabello v. State, 524 So.2d 313, 315 (Miss. 1985)).
Dickey has failed to show deficiency of counsel's performance. The only fault Dickey finds with the performance of his attorney is his failure to perfect an appeal. However, as discussed previously, Dickey has failed to show that any agreement was ever reached regarding an appeal. It follows that counsel's failure to perfect an appeal can not be found deficient.

IV. CONCLUSION
The circuit court was correct in finding that the evidence did not support Dickey's motion for an out-of-time appeal. Dickey has presented no evidence, with the exception of his affidavit, that he and his attorney ever reached an agreement regarding an appeal. The letters in the record from Dickey's attorney show Dickey's affidavit to be a sham and reveal that no agreement regarding an appeal was reached. Despite the lack of a response from the attorney, it appears that no evidentiary hearing is necessary. This Court affirms.
Dickey's only claim of ineffective assistance of counsel is grounded on his attorney's failure to perfect an appeal. Dickey has failed to show any agreement to appeal, therefore his attorney's failure to perfect an appeal can not be considered deficient performance. Dickey has failed to meet the first prong of Strickland, therefore reversal is not warranted.
DENIAL OF OUT OF TIME APPEAL AFFIRMED.
*1110 DAN M. LEE, P.J., and McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
BANKS, J., dissents with separate written opinion joined by HAWKINS, C.J., and SULLIVAN and PITTMAN, JJ.
BANKS, Justice, dissenting:
In my view, Dickey should be granted leave to perfect his appeal out-of-time with a court-appointed lawyer. The trial court refused Dickey's request for out-of-time appeal based upon a review of letters from trial counsel and the previous order of the judge handling the case. A review of these documents should dictate the opposite result.
In my opinion, the letters reveal an attorney who has refused to perfect an appeal without being paid. Refusing to proceed without receiving payment is perfectly understandable. The attorney is, however, required to preserve his client's right to appeal. Triplett v. State, 579 So.2d 555, 558-59 (Miss. 1991). Where a defendant reaches indigent status, an attorney must advise him clearly of his right to file a pauper's affidavit and proceed with an appeal in forma pauperis. Id. Furthermore, the attorney has the duty to advise the court of the situation and formally withdraw prior to the expiration of the time for appeal, so that "the court may, if necessary, take steps to see that valuable rights are not thereby lost." Id. at 558.
In one of the attorney's letters, reference is made to a letter written on May 6, 1991, to a Mrs. Patterson, however, the writer has not been able to find that letter in the record. The attorney alleges that he quoted certain costs in that letter. He also makes reference to indigency and to his fee, but it is not exactly clear what was said in the May 6 letter about either of these items.
This is not, in my view, a case in which the unimpeached documentary evidence belies a request for an appeal by the defendant. What the letters seem to indicate is that the costs of an appeal were not forthcoming from Dickey's mother. The letter of May 30, 1991, self-serving though it may be, suggests meritorious issues on appeal. Within two months Dickey, with the help of a writ-writer, was claiming his indigency and seeking the appointment of counsel to secure his rights to an appeal by letter to the circuit clerk. Nine months later the trial judge, Honorable Joe Pigott, entered an order in response to a writ of mandamus in which he observed that he usually felt "an obligation to advise the Defendants that they have a right of appeal upon timely giving notice of appeal; but does not interject between the retained attorney and his client." He then went on to hold that trial courts didn't have the power to grant out-of-time appeals.
The record does not reveal that Dickey was informed by the court regarding his rights to an appeal and to court-appointed counsel if necessary either at the point that the verdict was rendered or at any other point. Judge Pigott's order may be interpreted to mean that he feels that a trial court is not required to advise the defendant of these rights when defendants are represented by retained counsel. Such an assertion is contrary to our holding in Triplett v. State, 579 So.2d at 555, where we overruled the rule announced in Bennett v. State, 293 So.2d 1, 4 (Miss. 1974) and held that there is a constitutional obligation to inform a convicted defendant represented by retained counsel at his trial that he may appeal in forma pauperis. Triplett v. State, 579 So.2d at 558-59.
In March 1993 a more formal petition for out-of-time appeal was filed and Dickey was accorded a hearing, finally, but without the benefit of counsel. At that hearing he was asked to articulate why he didn't take an appeal and his reply, understandably, was that his lawyer didn't take an appeal and that he thought that he was going to appeal it. The court, relying on the counsel's letter and without addressing the question of indigency or the adequacy of the advice concerning indigent status, denied an out-of-time appeal. In doing so, the court also noted that it had read Judge Pigott's earlier order.
In Barnett v. State, 497 So.2d 443 (Miss. 1986), this Court stated that a defendant's motion for out-of-time appeal should be granted if he "proves, by a preponderance of the evidence, that he, within the time for filing notice of appeal, asked his attorney to appeal, and that his attorney, through no fault of ... [his own] failed to appeal... ." *1111 Id. at 444. Furthermore, in Triplett v. State, 579 So.2d 555 (Miss. 1991), we held that the failure of a defendant to pay his attorney in accordance with their fee agreement did not preclude the granting of the defendant's motion for an out-of-time appeal absent a motion by the attorney for withdrawal or termination. Id. at 557-58. It seems clear to me that Dickey's failure to perfect an appeal was due solely to his indigency, rather than some fault of his own. He should be accorded an out-of-time appeal.
HAWKINS, C.J., and SULLIVAN and PITTMAN, JJ., join this opinion.
NOTES
[1] The record before this Court includes four letters from Dickey's attorney, all of which reveal his fruitless attempts to obtain costs from Dickey's family in order to perfect an appeal and/or to have Dickey qualified as an indigent.