LEE, P.J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. In April 1998, Antonio Andrews was found guilty by a jury in the Pontotoc County Circuit Court of sale of cocaine. Andrews was sentenced to fifteen years, with five suspended and ten years to serve in the custody of the Mississippi Department of Corrections. On July 28, 1998, Andrews entered guilty pleas in cause numbers CR 96-101 and CR 97-157. The nature of the causes is unclear from the record. Andrews was sentenced to nineteen years, with five years suspended on these charges. It is unclear from the record whether Andrews was sentenced to *240 nineteen years for each charge or nineteen years for both. In return for Andrews’s guilty pleas, the State agreed to remand another charge to the file. As part of the bargain, Andrews also agreed to dismiss his (appeal of the April 1998 conviction.
¶ 2. On October 26, 2004, Andrews filed his petition for an out-of-time appeal concerning the April 1998 conviction. The trial judge denied the petition, finding that “Petitioner then perfected an appeal of said1 conviction, but voluntarily dismissed said appeal.” Andrews now appeals asserting that he was denied his constitutional right to appeal and that he was denied effective assistance of counsel. Finding no errdr, we affirm.
STANDARD OF REVIEW
¶ 3. The standard of review for a denial of a post-conviction motion is well-stated. The findings of the trial court must be clearly erroneous in order to overturn a lowér court’s denial of a post-conviction relief motion. McClinton v. State, 799 So.2d 123, 126(¶ 4) (Miss.Ct.App.2001).
DISCUSSION
I. DID THE TRIAL COURT ERR IN DENYING ANDREWS’S PETITION FOR AN OUT-OF-TIME APPEAL?
¶ ;4. According to Mississippi Code Annotated Section 99-39-5(1) (Supp.2004), “[a]hy prisoner in custody under sentence of a court of record of the State of Mississippi who claims ... (h) [t]hat he is entitled to an out-of-time appeal ... may file a motion to vacate, set aside or correct the judgment or sentence, or for an out-of-time appeal.” Furthermore, “[n]o relief shall be granted under this article unless the prisoner proves by a preponderance of the’evidence that he is entitled to such.” Miss.Code Ann. § 99-39-23(7) (Supp.2004).
¶ 5. Although Andrews initially wanted to appeal his April 1998 conviction, the record shows that Andrews changed his mind as a result of a plea agreement. The record contains numerous correspondence from Andrews’s attorney, alluding to the fact that Andrews agreed to dismiss his appeal. On more than one occasion, the attorney requested an affidavit from Andrews which would allow the appeal to be dismissed. The last correspondence in the record from Andrews’s attorney was dated March 17, 1999. Andrews has not proved that he is entitled to an out-of-time appeal; thus, we cannot find any error by the trial court in denying the motion.
II. DID ANDREWS RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 6. For a defendant to successfully prove ineffective assistance of counsel, the defendant must show that the counsel’s performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In regards to whether his attorney was ineffective, Andrews argues that his attorney failed to pursue an appeal after he requested it. However, it is clear from the record that Andrews’s attorney did file an appeal, but Andrews decided to dismiss the appeal according to the plea agreement. We do not find that his attorney’s performance was deficient.
¶ 7. We do note that, according to the docket pages, Andrews has previously filed a motion for post-conviction relief, which the lower court denied. Andrews appealed, asserting that he was entitled to an evidentiary hearing and that his attorney was ineffective. This Court affirmed the denial of his post-conviction motion in Andrews v. State, 791 So.2d 902 (Miss.Ct.App.2001).
*241 ¶ 8. THE JUDGMENT OF THE PON-TOTOC COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PONTOTOC COUNTY.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.