GRIFFIS, J.,
 

 for the Court:
 

 ¶ 1. In this appeal of the denial of a motion for post-conviction collateral relief, Gerald Jones argues that the Circuit Court of Lafayette County should have granted his request to file an out-of-time appeal. We agree; therefore, the judgment is reversed, and this case is remanded for the circuit court to conduct an evidentiary hearing to determine whether Jones should be granted permission to file an out-of-time appeal.
 

 ¶ 2. On January 9, 2003, Jones was convicted of two counts of sexual battery. He was sentenced to serve two concurrent twenty-five-year terms.
 

 ¶ 3. At trial, Jones was represented by a court-appointed attorney, Thomas C. Levi-diotis. On January 10, 2003, Levidiotis filed a motion for a judgment notwithstanding the verdict or, alternatively, a motion for a new trial. The motion was denied on January 24, 2003.
 

 ¶ 4. Now, Jones claims that he informed Levidiotis immediately following the verdict that he wanted to appeal his conviction and sentence to the Mississippi Supreme Court. However, a notice of appeal was not filed within thirty days. M.R.A.P. 4(e). Jones has provided copies of two letters he purportedly sent to Levidiotis, where he inquired about the status of his appeal— dated February 27, 2003, and November 19, 2003. These letters are included in the record, but neither letter is authenticated.
 

 ¶ 5. When he heard no response from Levidiotis, Jones filed a complaint against Levidiotis with The Mississippi Bar. In response, on February 15, 2004, Levidiotis sent a letter to Jones. Levidiotis told Jones that he had sent Jones a letter, dated January 12, 2003, that indicated his duties as Jones’s counsel terminated upon Jones’s conviction. Levidiotis said that the January 12th letter warned Jones that he would not file an appeal unless he received specific written instructions to do so. In addition, Levidiotis told Jones that it had been more than a year, and the time for Jones’s appeal had passed. The letter also contained the following statement: “I advise you to ask the ... Court for leave to file an out of time appeal. Since I no longer represent you, I am unable to act on your behalf unless specifically instructed by the Court.”
 

 ¶ 6. Thereafter, on June 3, 2004, Jones filed a pro se motion for appointment of new counsel to file an appeal. A copy of Levidiotis’s February 15th letter was attached to the motion. The only apparent purpose for Jones to request appointment of counsel was to appeal his conviction.
 

 ¶7. Two years later, on May 31, 2006, the circuit court entered an order that granted the motion. The order stated, in part, that “[t]he Court found the Defendant indigent and that he should be permitted to appeal, in forma pauperis, to the Supreme Court of Mississippi, and that the Court should appoint counsel for the Defendant for appeal purposes.” The circuit judge appointed Levidiotis to represent Jones “for appeal purposes.”
 

 ¶ 8. On June 2, 2006, Levidiotis filed a notice of appeal and other pleadings required by the Mississippi Rules of Appellate Procedure. Then, on June 5, 2006, Jones was granted permission from the circuit court to proceed with his appeal in forma pauperis.
 

 ¶ 9. On July 17, 2006, this Court on its own motion dismissed Jones’s appeal as untimely filed. We determined that
 
 *497
 
 Jones’s post-trial motion was denied on January 24, 2003, and the notice of appeal was not filed until June 2, 2006. Therefore, the notice was not timely filed. We also stated that the docket failed to indicate that a motion for permission to file an out-of-time appeal was filed or granted. As a result, Jones’s appeal was dismissed. No further pleadings were filed with this Court.
 

 ¶ 10. On August 10, 2006, Levidiotis sent Jones a letter informing him that the appeal had been filed and subsequently dismissed by this Court as untimely filed. The letter stated: “Having done what my order of appointment required I regard my representation of you for appeal purposes as finally terminated and completed effective this day.” Levidiotis failed to note that he had failed to follow his own prior advice that a motion for permission to file an out-of-time appeal was necessary before Jones could proceed on appeal.
 

 ¶ 11. On June 24, 2008, Jones, acting pro se again, filed a motion for post-conviction collateral relief. In this motion, Jones specifically asked for permission to file an out-of-time appeal.
 

 ¶ 12. In his motion for post-conviction relief, Jones asserted that his trial counsel was deficient in his failure to timely file Jones’s direct appeal and in his failure to seek leave to file an out-of-time appeal when ordered to do so by the circuit court. Jones also argued that Levi-diotis -withdrew his representation without permission from the court. The motion was summarily denied, without explanation, by the circuit court. We may only surmise that the circuit court concluded the motion was time barred. From this judgment, Jones now appeals.
 

 ¶ 13. Our analysis begins with the standard of review. The denial of post-conviction collateral relief will not be reversed absent a finding that the circuit court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 ¶ 14. Mississippi Code Annotated section 99—39—5(1)(i) (Rev.2007) allows a prisoner to file a motion for post-conviction collateral relief on the basis that he is entitled to an out-of-time appeal. To prove his right to an out-of-time appeal, Jones “must show- by a preponderance of the evidence that he asked his attorney to appeal within the time allowed for giving notice of an appeal.”
 
 Dickey v. State,
 
 662 So.2d 1106, 1108 (Miss.1995) (citations omitted). He must also show that the attorney failed to perfect the appeal and that such failure was through no fault of his own.
 
 Id.
 

 ¶ 15. The supreme court has held that an evidentiary hearing is warranted on the issue of whether an appeal was requested when the appellant and the attorney give conflicting statements on the issue.
 
 Id.
 
 Furthermore, a hearing is also warranted when the record contains no response from the attorney.
 
 Id.
 

 ¶ 16. Here, Jones claims that he requested an appeal immediately after his conviction. Levidiotis’s February 15, 2004, letter indicates that Jones never requested such appeal in writing. The supreme court has given the following warning to attorneys who represent a criminal defendant at trial: “disputes between lawyer and client over instructions to take or not to take an appeal are difficult to resolve without a record. Lawyers should assist the court in this regard by reducing decisions whether to appeal a criminal conviction to a writing signed by the defendant.”
 
 Wright v. State,
 
 577 So.2d 387, 390 (Miss.1991). Here, however, the record reveals
 
 *498
 
 no decision regarding an appeal reduced to a writing in this case.
 

 ¶ 17. Levidiotis’s letter to Jones stated that his representation was complete upon Jones’s conviction. This was not a correct statement of the law and Levidiotis’s obligations to this client, Jones. Rule 6(b)(1) of the Mississippi Rules of Appellate Procedure states: “Appointed trial counsel shall continue as defendant’s counsel on appeal unless relieved by order of the trial court, or, if the appeal has been perfected, by order of the Supreme Court or the Court of Appeals.” The record contains no order by the circuit court relieving Lev-idiotis of his duty to represent Jones on appeal.
 

 ¶ 18. Upon de novo review of the legal questions presented, we recognize that justice requires Jones receive a hearing on whether he was entitled to be granted permission for an out-of-time appeal. Indeed, we now recognize that Jones’s motion should not be considered time-barred under Mississippi Code Annotated section 99-39-5(2) (Rev.2007), even though it was filed more than three years after the time for taking an appeal from his judgment of conviction. The basis for our decision is the requirement that the pleadings of a pro se litigant must be construed liberally.
 
 See Evans v. State,
 
 725 So.2d 613, 678 (¶ 208) (Miss.1997) (citation omitted).
 

 ¶ 19. Based on this standard, it is apparent that Jones’s June 3, 2004, motion for appointment of counsel for appeal should have been construed as one asking for the appointment of appellate counsel
 
 and
 
 permission to file an out-of-time appeal. This conclusion now seems obvious since Jones would need an attorney for appeal purposes only if the trial court granted him permission for an out-of-time appeal. Jones’s newly appointed counsel, whether it be Levidiotis or another attorney, should first have pursued permission to file an out-of-time appeal. The central issue in this decision placed Jones and his trial counsel, Levidiotis, in adversarial roles and required potential testimony by Levidiotis against his former client, Jones.
 

 ¶ 20. The circuit court determined that Jones was not entitled to relief under his motion for post-conviction collateral relief. We find this to be clearly erroneous. Lev-idiotis’s own letter clearly set forth the procedural steps necessary to attempt to resurrect Jones’s appeal. Upon his appointment as Jones’s counsel for appeal purposes, Levidiotis should have promptly filed a motion for permission to file an out-of-time appeal. The filing of this motion would have required the circuit court to hold an evidentiary hearing to determine whether Jones could “show by a preponderance of the evidence that he asked his attorney to appeal within the time allowed for giving notice of an appeal.”
 
 Dickey,
 
 662 So.2d at 1108. Then, Jones would have to show that Levidiotis failed to perfect the appeal and that such failure was through no fault of his own.
 
 Id.
 
 Levidiotis failed to follow his own legal advice.
 

 ¶ 21. We conclude that the purpose of the circuit court’s appointment of Levidiot-is as Jones’s counsel for appeal, in 2006, was for the sole purpose to allow Jones to seek permission to file an out-of-time appeal. Since the time for a direct appeal had run years earlier, Levidiotis’s failure to file a motion for permission to file an out-of-time appeal rendered his appointment meaningless because he merely filed an untimely notice of appeal with this Court more than two years after Jones’s conviction. Upon our review of the status of the appeal before the Court, we immediately dismissed the appeal. Levidiotis’s representation accomplished nothing and left Jones to file yet another pro se action seeking his right to a direct appeal.
 

 ¶ 22. We find that circuit court’s summary denial of the motion for post-convic
 
 *499
 
 tion collateral relief should be reversed and this case remanded for further proceedings. On remand, the circuit court may appoint counsel to represent Jones
 
 [1]
 
 and then hold an evidentiary hearing to determine whether Jones should have been granted permission to file an out-of-time appeal. If permission is appropriately granted, the appeal may proceed. If permission is not granted, Jones would be entitled to appeal this determination on the record of the evidentiary hearing.
 

 ¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAFAYETTE COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR. MAXWELL, J., NOT PARTICIPATING.
 

 [1]
 

 . During an evidentiary hearing for permission for an out-of-time appeal, the central dispute will place Jones and Levidiotis in adversarial roles and require potential testimony by Levidiotis against his client. Appointment of Levidiotis as counsel for Jones in such a proceeding does indeed appear to be unwise and should be avoided.