MAXWELL, J.,
for the Court:
¶ 1. To prove the right to an out-of-time appeal, the first thing a movant must show is that “he asked his attorney to appeal within the time allowed for giving notice of an appeal.” [1] In Andrew Conwill’s case, the time allowed for giving notice of an *1081 appeal of his burglary conviction was within thirty days of the imposition of his sentence in June 2008.[2] In Conwill’s motion for post-conviction relief (PCR), in which he sought an out-of-time appeal, Conwill did not claim that he asked his attorneys to perfect an appeal within this time. Instead, the record shows that, at the sentencing hearing, Conwill had waived his right to appeal as part of a plea agreement for a separate charge of aggravated assault. Because it is clear from Conwill’s PCR motion and prior proceedings that he is not entitled to the relief he seeks — an out-of-time appeal of his burglary conviction — we affirm the summary dismissal of Conwill’s PCR motion.
¶ 2. In affirming, we must clear up some confusion that crept in well after the time to appeal the burglary conviction expired. In December 2008, Conwill pled guilty to aggravated assault. At the plea hearing, the trial judge was operating under the mistaken assumption that an outstanding post-trial motion tolled the time to appeal the burglary conviction. The judge denied the post-trial motion and told Conwill that his “thirty days [to appeal the burglary conviction] starts running from today,” to which Conwill responded that he waived his right to appeal.
¶ 3. The mistake was not recognizing that Conwill’s post-trial motion was untimely and, thus, had not tolled the time to appeal. So the time to appeal had not “start[ed] running,” but instead had run out months before. Therefore, the reason Conwill asserts he is entitled to an out-of-time appeal — that he told his new attorney he wanted to revoke his waiver and pursue an appeal two days after the December 2008 hearing — is not proof that “he asked his attorney to appeal within the time allowed for giving notice of an appeal.” Because Conwill no longer had the right to appeal at the time he revoked his waiver of appeal, we find his revocation does not entitle him to an out-of-time appeal.
Background
¶4. While Conwill’s two-count indictment for burglary and aggravated assault was severed,[3] to understand his request for an out-of-time-appeal, the facts and record proceedings cannot be separated.
¶ 5. Two times in 2004 Conwill burst into the home of his fiancé’s paramour, Charles Kuebler. The first time, discovering his fiancé asleep on the couch with Kuebler, Conwill beat him up. The second time, when Conwill broke in, Kuebler was not there, so he demanded Kuebler’s roommate deliver the message that “if Kuebler doesn’t stop talking, he’s dead.” The first incident led to an indictment for aggravated assault.[4] The second incident led to an indictment for burglary by breaking and entering with the intent to commit aggravated assault.

I. Burglary Conviction

¶ 6. In April 2008, Conwill faced trial for the burglary charge. The jury found him guilty. And on April 8, 2008, a judgment of conviction was entered. On May 12, *1082 2008, Conwill appeared for his sentencing hearing. The trial judge asked about the pending aggravated-assault charge. Con-will’s counsel told the judge that a plea bargain was being worked out-Conwill would voluntarily waive his right to appeal the burglary conviction; and the State, instead of seeking a consecutive sentence, would recommend Conwill serve his aggravated-assault sentence concurrently with his burglary sentence. Conwill himself confirmed the agreement, telling the judge he would not pursue an appeal. And Con-will did not pursue an appeal during the thirty days following the June 25, 2008 entry of his sentencing order.
¶ 7. On May 22, 2008, however, Conwill’s counsel had filed a motion for a judgment of acquittal notwithstanding the jury’s verdict. But this motion was untimely, as it was filed more than ten days after the April 8, 2008 entry of judgment. And because the post-trial motion was untimely, it did not toll the running of the thirty-day time limit to appeal. Thus, by the end of July 2008, Conwill’s burglary conviction and sentence had become unappealable.

II. Aggravated-Assault Conviction

¶ 8. In December 2008, Conwill — represented by new counsel — appeared before the same trial judge to enter a guilty plea on the aggravated-assault charge. The judge asked about the status of the burglary conviction. Conwill’s new counsel reminded the judge that there had been no appeal because Conwill had waived his right to appeal as part of the plea bargain for the aggravated-assault charge.
¶ 9. Conwill’s new attorney also brought to the judge’s attention the motion for a judgment of acquittal notwithstanding the jury’s verdict that had been filed by Con-will’s previous attorneys. But the untimeliness of the motion was not discussed. Instead, assuming the pending motion had tolled the time to appeal, the judge denied the motion and told Conwill “that the thirty days [to file a notice of appeal of the burglary conviction] starts running from today.” Conwill responded by reiterating his desire to waive his right to appeal his burglary conviction and go forward with the plea agreement on the aggravated-assault charge. The trial judge accepted his plea and, following the State’s recommendation, imposed a concurrent sentence instead of a consecutive sentence.
¶ 10. In 2009, Conwill filed a pro se PCR motion attacking his aggravated-assault plea. See Conwill v. State, 94 So.3d 1173 (Miss.Ct.App.2011) (affirming the denial of Conwill’s 2009 PCR motion). At a March 2010 hearing on that PCR motion, the status of Conwill’s burglary conviction and appeal again resurfaced. Conwill, representing himself, acknowledged that, although the trial judge had given him thirty days to appeal following the denial of his post-trial motion in December 2008, he had chosen not to appeal.

III. PCR Motion Seeking Out-of-Time Appeal

¶ 11. But a year after this last hearing, in March 2011, Conwill filed a pro se PCR motion seeking an out-of-time appeal of his burglary conviction. And this PCR motion told a different story about what happened in December 2008. Conwill claimed that, following the December 8, 2008 plea hearing, Conwill revoked his waiver and contacted his attorney in order to pursue an appeal.
¶ 12. According to the affidavits attached to his PCR motion, two days after the plea hearing, Conwill’s father called Conwill’s new attorney. Conwill’s father told counsel that Conwill wanted to revoke his waiver of appeal, which he had given at the plea hearing. Counsel responded by telling Conwill’s father that Conwill need *1083 ed to contact another attorney for help in perfecting an appeal — one who specialized in appeals. Twenty-eight more days passed without Conwill filing a notice of appeal of his burglary conviction.
¶ 13. Instead, the next filing related to his burglary conviction was the PCR motion seeking an out-of-time appeal. See Miss.Code Ann. § 99-39-5(1)® (Supp. 2013) (permitting any person sentenced by a court of record in Mississippi to file a PCR motion to assert the right to an out-of-time appeal). The trial judge reviewed Conwill’s PCR motion, the attached affidavits, and the prior proceedings. He correctly recognized that Conwill’s time to appeal had run out long before the December 8, 2008 plea hearing and the events that followed, which Conwill argued prove he has a right to an out-of-time appeal. Because it plainly appeared that Conwill was not entitled to an out-of-time appeal, the judge dismissed Conwill’s PCR motion, without an evidentiary hearing. See Miss. Code Ann. § 99-39-11(2) (Supp.2013) (authorizing dismissal when “it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief’). Conwill timely appealed the judgment dismissing his PCR motion.
Discussion
¶ 14. The involved background facts and procedural history, once sorted, lead to a straightforward conclusion: Conwill is not entitled to an out-of-time appeal.

I. Time Allowed for Giving a Notice of Appeal

¶ 15. To prove the right to an out-of-time appeal, Conwill had the burden to prove by a preponderance of the evidence that: (1) “he asked his attorney to appeal within the time allowed for giving notice of an appeal”; (2) “the attorney failed to perfect the appeal”; and (3) “such failure was through no fault of [Conwill’s].” Dickey v. State, 662 So.2d 1106, 1108 (Miss.1995) (emphasis added and citation omitted). The time allowed Conwill for giving notice of an appeal of his burglary conviction was within thirty days of the imposition of his sentence, which occurred on June 25, 2008. See M.R.A.P. 4(a), (e). Before the sentencing order was entered, Conwill announced to the judge that he was not going to pursue an appeal, based on the plea bargain for his aggravated-assault charge. Cf. Andrews v. State, 923 So.2d 239, 240 (¶ 5) (Miss.Ct.App.2006) (holding defendant who voluntarily dismissed his appeal of one conviction based on plea agreement for separate charges was not entitled to out-of-time appeal). And consistent with this announcement, no notice of appeal was filed within the thirty days following the sentencing order.
¶ 16. In his PCR motion, Conwill does not challenge the waiver he pronounced to the court in May 2008, at his burglary sentencing hearing. See Davis v. State, 36 So.3d 456, 460 (¶ 13) (Miss.Ct.App.2010) (holding that “an accused may voluntarily waive his or her right of appeal,” so long as the waiver is “informed and voluntary” (quoting 24 C.J.S. Criminal Law § 2349 (2006))). Instead, he asserts that, because he later revoked the waiver from his December 2008 hearing, he has the right to an out-of-time appeal.
¶ 17. In support of his revocation argument, Conwill attached to his PCR motion affidavits by both his attorney and father attesting to a December 10, 2008 conversation about Conwill’s desire to appeal. But our concern is not with whether Conwill can prove the revocation occurred but instead whether Conwill can prove the revocation occurred during “the time allowed for giving notice of an appeal.” Dickey, 662 So.2d at 1108; see also Davis, 36 So.3d at 460 (¶ 15) (noting defendant, who later *1084 claimed his waiver of appeal was invalid, could have revoked his waiver and perfected his appeal within the allowed thirty days to appeal). And it is clear from the record he cannot.

II. No Tolling of Time to Appeal

¶ 18. Understandably, because two days prior, on December 8, 2008, Conwill had been told that his “thirty days starts today,” Conwill thought he was revoking his waiver during a time when he could file an appeal. But the trial judge had only told Conwill that he had thirty days to appeal because the judge mistakenly thought the time to appeal had been tolled by Conwill’s post-trial motion. While a “timely motion under the Uniform Rules of Circuit and County Court Practice ... for judgment of acquittal notwithstanding the verdict of the jury” tolls the running of the time to file a notice of appeal until the “the entry of the order denying such motion,” an untimely motion does not. M.R.A.P. 4(e) (emphasis added). And the critical fact is that Conwill’s motion for a judgment notwithstanding the verdict was not timely.
¶ 19. Both the Mississippi Supreme Court and this court have held that a motion for a judgment of acquittal notwithstanding the jury’s verdict is subject to the same time limit as a motion for a new trial. Ross v. State, 16 So.3d 47, 52 (¶ 6) (Miss.Ct.App.2011) (citing McGraw v. State, 688 So.2d 764, 770 (Miss.1997)). And under Rule 10.05, “[a] motion for new trial must be made within ten days of the entry of judgment.” URCCC 10.05; see also Ross, 16 So.3d at 52 (¶ 6) (“In order for the time for notice of appeal to be tolled, the post-trial motion for a new trial must be filed within ten days of the entry of the judgment or order from which appeal is taken.”) (citations omitted). Conwill’s judgment of conviction of burglary was entered on April 8, 2008. So to be timely — and to toll the time limit to appeal— Conwill’s motion for a judgment notwithstanding the verdict would have to have been filed within ten days of that date. Instead it was not filed until more than forty days later, on May 22, 2008. So it did not toll the time for filing a notice of appeal.
¶ 20. While it appears that the judge told Conwill he had an additional thirty days to file a notice of appeal out of an abundance of caution, we find the judge lacked the authority to extend the expired time limit to file an appeal. Ross, 16 So.3d at 53 (¶ 7) (holding that the circuit judge did not have the authority to extend the thirty-day time limit for filing a notice of appeal). So when Conwill announced for the second time that he was waiving his right to appeal the burglary conviction, Conwill was waiving a right he no longer had.
¶ 21. This is why the evidence that Conwill later tried to revoke his second waiver cannot support a claim for an out-of-time appeal. The phone call by Con-will’s father to Conwill’s attorney about the revocation took place long after “the time allowed for giving notice of an appeal.” Dickey, 662 So.2d at 1108; see Davis, 36 So.3d at 460 (¶ 15) (finding the defendant, who waited more than eight months after he waived his right appeal to assert his waiver was invalid, had not timely revoked his waiver). Thus, this phone call is not proof that Conwill is entitled to an out-of-time appeal. See Dickey, 662 So.2d at 1108.
¶ 22. For these reasons, we find Con-will failed to show he was entitled to an out-of-time appeal. We therefore affirm the trial judge’s judgment dismissing Con-will’s PCR motion.
*1085 ¶ 23. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.

. Dickey v. State, 662 So.2d 1106, 1108 (Miss.1995) (emphasis added).

. M.R.A.P. 4(a), (e).

. Conwill had initially been indicted on two counts of burglary. After the counts were severed and Conwill was tried and convicted of one count of burglary, the remaining count was dismissed by order of nolle prosequi. He was then indicted based on the same facts for aggravated assault, to which he pled guilty. Conwill attacked his aggravated-assault conviction in a PCR motion, asserting the nol-prossed burglary indictment was evidence of prosecutorial misconduct. Finding no merit to this claim, this court affirmed the denial of Conwill's PCR motion. Conwill v. State, 94 So.3d 1173, 1176-77 (¶¶ 14-20) (Miss.Ct.App.2011).

.See note 3, supra.