577 So.2d 387 (1991)
George Willie WRIGHT
v.
STATE of Mississippi.
No. 89-KP-226.
Supreme Court of Mississippi.
March 27, 1991.
*388 George Willie Wright, Parchman, pro se.
Mike C. Moore, Atty. Gen., Wayne M. Snuggs, Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PITTMAN and BANKS, JJ.
BANKS, Justice, for the Court:

STATEMENT OF THE CASE
This appeal is taken from order of the Circuit Court of Panola County denying George Wright's motion pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act for an out-of-time appeal. We reverse and remand.

STATEMENT OF THE FACTS
George Wright was convicted of manslaughter in the Circuit Court of Panola County on April 23, 1987, and sentenced to serve fifteen years in the Mississippi Department of Corrections. He did not appeal the conviction and sentence. On April 8, 1988, he filed a motion in the Panola County Circuit Court requesting an out-of-time appeal pursuant to § 99-39-5(1)(h) and (2) Miss. Code Ann., (Supp. 1990) (Mississippi Post-Conviction Relief Act). He asserts as grounds for the motion:
(a) that his attorney, Ted Lucas Smith, Esq., after sentence, failed to advise him of his right to appeal;
(b) that upon conviction and sentence, he advised Attorney Smith that he desired to appeal, but Smith failed to perfect the appeal.
The gravamen of Wright's complaint is that the failure of his attorney to advise him of his right of appeal, or the failure of his attorney to timely perfect his appeal, constituted a denial of effective assistance of counsel.
The trial court, upon initial consideration of Wright's motion and his attached affidavit relating (a) that his attorney, after sentence, failed to advise him of his right to appeal, (b) that he desired an appeal after conviction, (c) that he advised his attorney to this effect, (d) that he did not waive such right, and (e) that his counsel never filed the necessary document to perfect the appeal, found that, pursuant to § 99-39-11(3), Miss. Code Ann. (Supp. 1990), the District Attorney's office for the Seventeenth District should respond to the motion. The state by and through the District Attorney timely responded denying the allegations in Wright's motion for relief and asserting affirmatively that Wright, although fully advised of his appeal rights, elected not to appeal. The State attached to its answer *389 the affidavit of Ted L. Smith, trial counsel, which stated:
(a) that Attorney Smith was hired and paid by Wright who was not indigent;
(b) that he fully advised Wright and his family of his appeal rights; and
(c) Wright never requested and actually elected not to appeal.
By copy of the state's answer and attached affidavit, Wright was afforded the opportunity to admit or deny their correctness. Wright responded by filing his objection to the State's answer and by restating the allegations of his original motion. He attached to his objection another affidavit which stated essentially the same facts as those set forth in the affidavit attached to his original motion and further stated that his family was prepared to testify in support of his version of events.
The trial court upon reconsideration of the motion, answer, and attached exhibits pursuant to Miss. Code Ann. § 99-39-19(1) (Supp. 1984) concluded that an evidentiary hearing was not required and issued its order denying and dismissing the motion. The order found and adjudicated that
The gist of Wright's Motion, with annexed exhibits, including his sworn affidavit, is that he requested his attorney, Mr. Smith, to appeal his conviction to the Supreme Court of Mississippi, and that his attorney failed to do that which he requested. Wright states in his Affidavit, inter alia, that Mr. Smith was appointed to represent him, that he (Wright) advised Mr. Smith to appeal his conviction, and that Mr. Smith failed to perfect his appeal. Mr. Smith, on the other hand, through his sworn affidavit, states that he was hired and paid by Wright, who was not indigent, that he (Smith) fully advised Wright of his appeal rights, that Wright and his family were fully aware of Wright's appeal rights, and elected not to appeal, and that Wright never requested an appeal. Pursuant to Section 99-39-19(1) of the Code, the Court concludes that an evidentiary hearing is not required and that the Court can now make such disposition of the Motion as justice requires. Based on the Motion, and annexed exhibits, including the sworn affidavit of Wright, based on the State's Answer, including the sworn affidavit of Wright's trial attorney, Ted Lucas Smith, and based on the prior proceedings had and conducted in this cause, the Court specifically finds that Wright hired and paid his trial attorney, Honorable Ted Lucas Smith, that Wright was fully advised of his appeal rights by his trial attorney, that Wright and his family were fully aware of Wright's appeal rights and elected not to appeal, and that Wright never requested his hired attorney to appeal his conviction and sentence.

From the order denying and dismissing his motion, Wright prosecutes this appeal.

DISCUSSION
In Neal v. State, 525 So.2d 1279 (Miss. 1987) we delineated the responsibility of a trial court with respect to petitions under the UPCRA claiming a denial of a substantial right. We analogized the position of the court when faced with a petition fully supplemented with affidavits to that of a court in a civil proceeding considering a motion for summary judgment. Section 99-39-19 Miss. Code Ann. (Supp. 1990); Neal, supra, at 1281 fn. 2; Billiot v. State, 515 So.2d 1234, 1237 (Miss. 1987). In both instances, this court eschews trial by affidavit. Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss. 1983); and Donald v. Reeves Transport Co., 538 So.2d 1191 (Miss. 1989) (Summary judgment is "no substitute for trial.")
Here the petitioner met the pleading requirements of the UPCRA and, in the end, the court was faced with contradictory affidavits disputing the essential facts of Wright's claim, that he was denied his right to an appeal through no fault of his own. Such a claim, if proven, merits the relief for which he prayed. Barnett v. State, 497 So.2d 443 (Miss. 1986); Wilson v. State, 426 So.2d 792 (Miss. 1983). Both affidavits indicate that there were other witnesses.
The state makes much of the fact that Wright complains of an alleged failure to *390 tell him that he had a right to an appeal while simultaneously claiming that he told his lawyer that he wanted an appeal. The two statements are not inherently contradictory, however. Expressing a desire for an appeal only proves that one is aware that such a thing exists. It does not prove that one knows that he has a right to an appeal. Moreover, even if he knew of his right, that knowledge in no way negates the effect of the failure of his lawyer to perfect an appeal if one was requested.
Under these circumstances Wright is entitled to an "in-court opportunity to prove his claims." Neal, supra; Billiot v. State, 515 So.2d 1234 (Miss. 1987). The failure of the trial court to grant an evidentiary hearing was error.
Issues of facts sufficient to require denial of a motion for summary judgment [or the grant of an evidentiary hearing] obviously are present where one party swears to one version of the matter in issue and another says the opposite.
Foster v. Bass, 575 So.2d 967, 982-83 (Miss. 1990).
This is not to say that an evidentiary hearing is to be ordered every time there are contradictory affidavits. In order for a contested fact to require an evidentiary hearing it must be material. Morever, where an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary to the extent that the court can conclude that the affidavit is a sham no hearing is required. See, Albertson v. T.J. Stevenson & Co., 749 F.2d 223 (5th Cir.1984); Perma Research & Dev. Co. v. Singer Co., 410 F.2d 572 (2d Cir.1969).
Finally, we note that disputes between lawyer and client over instructions to take or not to take an appeal are difficult to resolve without a record. Lawyers should assist the court in this regard by reducing decisions whether to appeal a criminal conviction to a writing signed by the defendant. We note with approval the steps taken by the defendant's attorney in Fair v. State, 571 So.2d 965 (Miss. 1990).
We also urge trial courts to advise criminal defendants of their rights concerning appeal on the record at the time of sentencing and to solicit a decision in that regard. Should a decision be made on the record to appeal the defendant should be advised that decision will stand unless a written statement to the contrary, signed by the defendant and the attorney, is filed with the court. Should the decision be made to waive appeal the defendant should, nevertheless, be informed of the time limits for appeal and told that his decision to waive shall stand unless he gives written notice to the court and his attorney prior to the expiration of the time. Should no decision be made the court should inform the defendant that his failure to express a desire to appeal shall be considered a waiver of his right to appeal and that such waiver will stand unless he gives written notice to the court and counsel prior to the expiration of the time in which to perfect the appeal.
The judgment of the Circuit Court of Panola County dismissing Wright's motion is reversed and this matter is remanded to that court for an evidentiary hearing.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and McRAE, JJ., concur.