585 So.2d 723 (1991)
Mosley MINNIFIELD
v.
STATE of Mississippi.
No. 90-KA-0429.
Supreme Court of Mississippi.
August 21, 1991.
John H. Daniels, III, Howard Dyer, III, Dyer Dyer Dyer & Jones, Greenville, for appellant.
Mike C. Moore, Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and McRAE, JJ.
HAWKINS, Presiding Justice, for the Court:
Mosley Minnifield was convicted of sale of cocaine and sentenced to a term of twenty (20) years in the custody of the Mississippi Department of Corrections with the last five (5) years suspended and to be served on supervised probation. No appeal was perfected within thirty (30) days of the judgment imposing sentence dated July 26, 1989.

I.
On October 16, 1989, Minnifield, by and through his retained counsel, W.C. Trotter, III, filed a motion for an out of time appeal under Miss. Code Ann. § 99-39-5(1)(h) (Supp. 1990). The trial court conducted an evidentiary hearing. Minnifield, his grandfather, and two other witnesses testified that Attorney Trotter was asked to appeal on three occasions by the grandfather.
*724 The state called Attorney Trotter, and he testified that immediately following the jury verdict of conviction and prior to imposition of sentence, he discussed an appeal with Minnifield. From that discussion, Minnifield stated that he did not want to appeal and signed a written memorandum to that effect. That memo stated: "Mr. Trotter explained the sentence and its consequences. I do not desire an appeal." It was introduced into evidence. Of course, this waiver was revocable, and without doubt, Minnifield would have a perfected appeal if he had given notice within the thirty-day period provided by Miss.Sup. Ct.R. 4. Fair v. State, 571 So.2d 965 (Miss. 1990).
On February 2, 1990, the circuit judge entered an order denying post-conviction relief. From that order, Minnifield appeals raising as the only issue that the trial court erred as a matter of law when it denied him an out of time appeal. We reverse.

II.
Minnifield argues that at the time of the trial and sentence, he had completed the 8th grade but had only the IQ of a six year old. In addition, he was taking two different prescribed medications and did not understand the discussions with his attorney or the written memorandum which he signed. After a week at Parchman, Minnifield learned he could appeal and at that time, wrote a letter to Attorney Trotter asking him to appeal the case. (That letter was not delivered in time for perfection of appeal.)
Willie Haynes, Minnifield's grandfather, testified that he went to Attorney Trotter's office on August the 1st, made a payment on attorney fees owed for the trial and, at the same time, requested that Minnifield's case be appealed. Haynes testified that he went back to Trotter's office two other times for the purpose of requesting that he appeal the case. On one of those occasions, August 22, 1989, he delivered to Trotter a handwritten letter dated August 22, 1989, wherein he asked Trotter to appeal.
Sammy Sutton wrote the letter at Haynes' request and Haynes signed it. Haynes, Sutton and Ernest White were in Trotter's office on August 22, 1989, when the letter was read by Trotter. The letter stated:
Dear Atty. Trotter
I have head [sic] from Scoot (Mosley Minniefield) [sic] ... I am requesting you to appeal on for, Scoot (Mosley Minniefield) [sic]... . I am asking you to appeal Scoot [sic] case.
s/Willie Haynes
Trotter's responses to the appeal requests were that Minnifield was the client and had given written instructions not to appeal; that he (Trotter) could not appeal because there was no error, and therefore no grounds; and that Minnifield could serve his sentence in the time it would take for a court decision on appeal.

III.
Minnifield has the burden of proving by a preponderance of the evidence that within the time for giving notice of appeal, he asked Attorney Trotter to appeal and that his attorney, through no fault of the defendant, failed to perfect an appeal. Fair v. State; Barnett v. State, 497 So.2d 443, 444 (Miss. 1986). From the evidence in the record, the trial court concluded that Attorney Trotter had not been employed to appeal, no motion for new trial alleging any irregularities had been filed, and no affidavit of poverty was filed. Accordingly, Minnifield was not entitled to an out-of-time appeal.
As stated in Fair v. State, "[t]his Court has not been grudging in granting out-of-time appeals in criminal cases, all to the interest that substantial justice may be done in the case of each individual convicted and sentenced through our criminal processes." Here, unlike Fair, Minnifield attempted, as best he could, given his incarceration, to communicate his desire to appeal within the thirty-day period allowed.
In light of this, it was error for the trial court to conclude that Minnifield was not entitled to the out-of-time appeal which he so clearly sought. The requests on his *725 behalf by his grandfather to his attorney for an appeal, made within the thirty-day period, were sufficient to revoke the waiver of his right to appeal. As shown by a preponderance of evidence, the failure to timely perfect an appeal occurred through no fault of Minnifield.
Accordingly, the judgment of the circuit court is reversed, and Minnifield is hereby granted an out-of-time appeal from his conviction of sale of cocaine and ensuing sentence.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and SULLIVAN, PITTMAN, and BANKS, JJ., concur.
McRAE, J., concurs in result only.
PRATHER, J., specially concurs with a separate written opinion joined by ROBERTSON and McRAE, JJ.
PRATHER, Justice, specially concurring:
I concur with the result reached by the majority. However, I do not agree that Minnifield's attorney was required to pursue an appeal at the request of someone other than his client. An attorney should follow his client's instruction until revoked by the client. Minnifield was able to communicate with his grandfather[1] of his desire to appeal. Instead, he should have communicated with his attorney within the appeal time.
I would grant Minnifield an out-of-time appeal because it appears, even though there had been no adjudication of diminished capacity, Minnifield did not have the capacity[2] to adequately direct the course of legal proceedings.
ROBERTSON and McRAE, JJ., join this opinion.
NOTES
[1] The record refers to Willie Haynes as Minnifield's father, grandfather, as well as step-grand-father.
[2] The affidavit of Dr. Robert L. McKinley, a board certified psychiatrist, averred that Minnifield had an IQ of 45 and was regarded as moderately retarded.