# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 92-KP-01012-SCT

*JOE STEWART*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/04/92 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: PAT FLYNN |
| DISTRICT ATTORNEY | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 2/13/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SULLIVAN, P.J., MCRAE AND ROBERTS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

Joe Stewart was convicted of sale of cocaine on May 18, 1990 in the Lowndes County Circuit Court. Judge Lee J. Howard sentenced him to serve a term of sixteen years in the Mississippi Department of Corrections, to run concurrently with a previous five-year sentence for receiving stolen property. Stewart and his attorney, Richard Burdine, had agreed only that Burdine would represent Stewart at the trial. They had made no agreement regarding representation on appeal, but at the end of his trial, Stewart asked Burdine to appeal the conviction. Burdine told him that he would not represent him any further and advised Stewart to get another attorney. Burdine never filed a motion with the court to withdraw from representation of Stewart, and he failed to file a motion to appeal Stewart's conviction and sentence within the thirty-day time limit.

Stewart filed his motion for an out-of-time appeal on February 4, 1992. Judge Howard conducted a

hearing on the petition on August 25, 1992. Stewart did not testify himself and presented no witnesses other than Burdine. Based upon the testimony presented at the hearing and the transcript from the sentencing hearing, Judge Howard issued an order on September 4, 1992, denying Stewart's petition for an out-of-time appeal for failure to meet his burden of proof. Stewart appeals to this Court from the order denying him an out-of-time appeal.

## I.

## WHETHER TRIAL COURT ERRED IN FAILING TO GRANT OUT-OF-TIME APPEAL WHERE STATE DID NOT SHOW APPELLANT HAD WAIVED RIGHT TO DIRECT APPEAL AND WHERE APPEAL WAS DENIED THROUGH NO FAULT OF APPELLANT'S.

Stewart first asserts that he should have been granted an out-of-time appeal, because he never waived his right to an appeal and was not at fault for the lapse of time for filing his appeal. In order to satisfy his burden of proof, Stewart was required to prove by a preponderance of the evidence at his petition hearing that he had informed his attorney that he wished to appeal and that through no fault of his own, the attorney failed to perfect an appeal. *Minnifield v. State*, 585 So.2d 723, 724 (Miss. 1991). The circuit court determined that Stewart had failed to meet this burden of proof.

The testimony at the hearing was undisputed that Stewart informed his attorney, Richard Burdine, that he wished to appeal. However, Burdine and Stewart had made no agreement regarding representation on appeal, and Burdine instructed Stewart at the end of the trial that he would not represent him on appeal. Despite Burdine's advice, Stewart never obtained another attorney and waited until February of 1992 to file his petition for out-of-time appeal, approximately nineteen months after his deadline to file an appeal in June of 1990. Clearly, Stewart was at least partially at fault for failing to meet his deadline to file his appeal.

Stewart points to this Court's decision in *Wright v. State*, 577 So.2d 387, 390 (Miss. 1991) in support of his argument. In *Wright*, this Court urged trial courts to inform defendants of their right to appeal at the sentencing hearing. *Id*. This Court also determined that it was not contradictory for Wright to argue both that he asked his attorney to appeal and that he was not informed of his right to an appeal, because knowing that it is possible to appeal is not the same as knowing that the *right* to appeal exists. *Id*. at 389-90. Here, the record reflects that the trial court did not inform Stewart of his right to appeal at his sentencing hearing, but Stewart makes no assertion that he was ever unaware of that right. Having been previously convicted, in fact, Stewart should have been aware of his right to appeal. Furthermore, in *Wright*, this Court merely remanded the case for an evidentiary hearing based upon Wright's attorney's failure to perfect an appeal at Wright's request. In this case, Stewart was allowed a hearing on his petition for out-of-time appeal; the trial court merely ruled against him. Based upon these distinctions, *Wright* lends no support to Stewart's argument.

This Court has previously held that withdrawal of counsel may only be accomplished by filing a motion with the court, proper notice to the client, and entry of a written order by the court granting the withdrawal. *Myers v. Mississippi State Bar*, 480 So.2d 1080, 1091-93 (Miss. 1985). Burdine did not effectively withdraw from his representation of Stewart, because he failed to file a motion with the court and receive a written order from the court allowing him to withdraw. However, even if Burdine was at fault for this omission, it cannot be said that Stewart was without blame. Stewart

should have taken steps either to obtain a new attorney or proceed pro se after Burdine informed Stewart that he would not represent him on appeal. Stewart failed to meet his burden of proof, and the trial court did not err in refusing to grant him an out-of-time appeal.

## II.

### WHETHER APPELLANT WAS SUBJECTED TO A DENIAL OF DUE PROCESS OF LAW UNDER THE 5TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 3, § 14, OF THE CONSTITUTION OF THE STATE OF MISSISSIPPI WHERE THE WRITTEN JUDGMENT OF THE COURT DENYING THE OUT-OF-TIME APPEAL WAS INCONSISTENT WITH THE COURT'S ORAL RULING DURING THE EVIDENTIARY HEARING ON THE PETITION FOR OUT-OF-TIME APPEAL.

Stewart next argues that Judge Howard's remarks from the bench at the petition hearing contradicted his order denying Stewart an out-of-time appeal, thereby denying Stewart due process. First of all, Stewart cites no authority showing that such a contradiction would be a violation of his rights. "An assignment of error, unsupported by any authority, 'lacks persuasion' on review." *Johnson v. State*, 626 So.2d 631, 634 (Miss. 1993) (citing *Smith v. State*, 430 So.2d 406, 407 (Miss.1983)). Second, there is no evidence of any contradiction between the judge's comments on the bench and his order. At the conclusion of the hearing, Judge Howard stated that Stewart might be entitled to an out-of-time appeal, but that he would base his decision upon the transcript from the sentencing hearing and the testimony at the evidentiary hearing. The judge did not issue a bench ruling. In his order, Judge Howard found that Stewart had failed to meet his burden of proof pursuant to the *Minnifield* standard. There is nothing contradictory in the bench remarks and order, and such a contradiction if it existed would not present an appealable issue. This assignment of error is without merit.

## III.

### WHETHER APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL TO PERFECT AND PROSECUTE HIS DIRECT APPEAL, FROM A CRIMINAL CONVICTION, TO THE MISSISSIPPI SUPREME COURT.

Stewart's final assignment of error is an argument of ineffective assistance of counsel. In order to make a successful argument for ineffective assistance of counsel, the criminal defendant must show that 1) his attorney's performance was deficient, and 2) that but for the attorney's deficiency, the outcome of the proceedings would have been different. *Wiley v. State*, 517 So.2d 1373, 1378 (Miss. 1987) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In this case, Burdine may have exhibited a deficient performance as Stewart's counsel by failing to properly withdraw from the case or determine whether Stewart had obtained a new attorney. However, Stewart presents no showing that he had grounds for an appeal. Without an indication that Stewart had grounds for appeal which this Court could find warranted a reversal of his conviction and sentence, it cannot be said that the outcome would have been different. *See Fair v. State*, 571 So.2d 965, 967 (Miss. 1990) (citations omitted). Stewart points to *U.S. v. Cronic*, 466 U.S. 648, 659 (1984) in support of his contention that the effective complete denial of counsel creates a presumption of prejudice. However, *Cronic* is distinguishable from Stewart's case, because here the alleged denial of counsel was after Stewart's

trial ended, whereas in *Cronic* the Supreme Court stated that complete denial of counsel during trial is presumptively prejudicial. *Id*. Since Stewart fails to meet both prongs of the test for ineffective assistance of counsel, this assignment of error must fail.

## CONCLUSION

Stewart was fully aware that his trial attorney, Burdine, would not be representing him on appeal, and yet Stewart made no attempt to obtain counsel for appeal or to timely proceed pro se. Based upon this evidence, the circuit court properly found that Stewart failed to meet his burden of proof to support a petition for out-of-time appeal. Stewart is similarly unable to make a convincing argument for denial of due process based upon contradiction by the trial judge or for ineffective assistance of counsel. The circuit court's decision was proper and is hereby affirmed.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**