## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CA-00132-SCT

*SAMUEL DIGGS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/03/1999 |
| TRIAL JUDGE: | HON. SAMAC RICHARDSON |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WALTER E. WOOD |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT T. ALLRED, III |
| DISTRICT ATTORNEY: | RICHARD D. MITCHELL |
| NATURE OF THE CASE: | CIVIL-POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED- 05/03/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/24/2001 |

**BEFORE PITTMAN, C.J., MILLS AND COBB, JJ.**

**COBB, JUSTICE, FOR THE COURT:**

¶1. On September 22, 1995, Samuel Diggs was convicted of simple murder and aggravated assault and sentenced to life imprisonment. On June 10, 1998, Diggs filed a Petition for Out-Of-Time Appeal alleging, that his trial attorney failed to file for an appeal within the statutory time period. After an evidentiary hearing, the Madison County Circuit Court denied the petition. Diggs now appeals, raising the following issue:

> **WHETHER SAMUEL DIGGS IS ENTITLED UNDER LAW TO AN OUT OF TIME APPEAL OF THE CRIME OF MURDER IN MADISON COUNTY CIRCUIT COURT NO. CI-98-0100.**

Finding no error, we affirm the trial court's denial of Diggs' out-of-time appeal.

### FACTS

¶2. The facts surrounding the crimes for which Samuel Diggs was found guilty are not clearly explained in the record before this Court. It appears, however, that he was convicted of simple murder in the death of a woman named Mary Hunter, as well as aggravated assault on an unidentified prisoner while incarcerated and awaiting trial on the murder charge. Diggs was sentenced to life imprisonment for the murder, plus twenty years for the assault, to be served consecutively.

¶3. Diggs filed a Petition for Out-Of-Time Appeal, and the trial court granted him an evidentiary hearing. At the hearing, Diggs asserted that both he and his foster mother asked his court-appointed attorney to pursue an appeal, which the attorney failed to do. In response, the attorney testified that he met with Diggs two or

three times after the trial and tried to discuss an appeal, but that Diggs was uncooperative and belligerent. Diggs testified that his foster mother asked the attorney to file an appeal but conceded that he did not personally witness this communication. There was no affidavit from the foster mother, and she did not testify at the hearing. No other witnesses appeared on behalf of Diggs. At the conclusion of the evidentiary hearing, the circuit court denied Diggs' petition.

## STANDARD OF REVIEW

¶4. This Court reviews the findings of an evidentiary hearing in a post-conviction relief case for clear error. In other words, this Court will not vacate such findings unless, while there may be evidence to support the findings, the Court is left with the definite and firm conviction that a mistake has been made. *Rochell v. State*, 748 So.2d 103, 109 (Miss. 1999). However, questions of law raised in such evidentiary hearings are reviewed de novo. *Brown v. State*, 731 So.2d 595, 598 (Miss. 1999).

## ANALYSIS

¶5. Diggs does not claim in his petition that he was not informed of his right to appeal, but rather that his attorney did not file an appeal after being asked to do so. This Court has stated:

> To prove his right to an out-of-time appeal, the movant must show by a preponderance of the evidence that he asked his attorney to appeal within the time allowed for giving notice of an appeal. Moreover, the movant must show that the attorney failed to perfect the appeal and that such failure was through no fault of the movant.

*Dickey v. State*, 662 So.2d 1106, 1108 (Miss. 1995)(affirming denial of petition for out-of-time appeal where petitioner's claims were directly contradicted by trial attorney's account at evidentiary hearing). Where the petitioner and his trial attorney offer conflicting affidavits as to whether or not the petitioner sought an appeal, the petitioner is entitled to an evidentiary hearing to resolve the issue. *Wright v. State*, 577 So.2d 387, 390 (Miss. 1991).

¶6. The sparse record in this case does show that there was an evidentiary hearing, pursuant to *Wright*, in which the circuit court heard testimony with conflicting statements from Diggs and his former attorney. Diggs claimed that he specifically told his attorney that he wanted to appeal. The attorney claimed that he tried to discuss an appeal with Diggs but was rebuffed.

¶7. Diggs also claimed that his foster mother sought to get the attorney to file an appeal. Diggs relies on *Minnifield v. State*, 585 So.2d 723 (Miss. 1991) to support his argument that his foster mother's request was sufficient to require that an appeal be made, but his reliance is misplaced. In *Minnifield*, this Court reversed the denial of a petition for out-of-time appeal where the petitioner's grandfather testified at an evidentiary hearing that he: informed the trial attorney that the petitioner had reversed his earlier decision not to appeal; made a payment on attorney fees owed; wrote a request letter to the attorney; and also went back to the attorney's office several times to ask that an appeal be filed. In the present case, however, Diggs did not introduce either affidavits or direct testimony from his foster mother, opting instead to rely solely on his own admittedly hearsay testimony about what his foster mother said to the attorney.

¶8. Since the burden of proof lies squarely on Diggs, who has provided nothing but his own in-court statements contradicted by his attorney, this Court is *not* "left with the definite and firm conviction that a mistake has been made." *Rochell v. State*, 748 So.2d at 109. We do, however, once again take this

opportunity to urge trial courts and defense attorneys to follow the procedures for clarifying appeals decisions outlined in *Wright*, in which we said:

> [D]isputes between lawyer and client over instructions to take or not to take an appeal are difficult to resolve without a record. Lawyers should assist the court in this regard by reducing decisions whether to appeal a criminal conviction to a writing signed by the defendant. . . . We also urge trial courts to advise criminal defendants of their rights concerning appeal on the record at the time of sentencing and to solicit a decision in that regard.

*Wright*, 577 So.2d at 390. In any case, on the record before us, we conclude the findings of the circuit court were not clearly erroneous and the court did not err in denying Diggs' petition. We affirm the judgment of the Madison County Circuit Court.

¶9. **AFFIRMED.**

**PITTMAN, C.J., BANKS AND McRAE, P.JJ., SMITH, MILLS, WALLER, DIAZ AND EASLEY, JJ., CONCUR.**