SOUTHWICK, P.J.,
for the Court:
¶ 1. Randi D. Mohr was found guilty of one count of touching a child for lustful purposes by a circuit court jury. Then Mohr pled guilty to a second count of the same offense. No appeal 'was taken. Mohr’s subsequent petition for post-conviction relief was denied. Appealing from that denial, Mohr argues that he should have been allowed an out-of-time appeal from his conviction and that he received ineffective assistance of counsel. We find no error and affirm.
STATEMENT OF FACTS
¶ 2. Mohr was indicted on two counts of touching and fondling a child for lustful purpose. After a three-day jury trial in *1210 Pike County Circuit Court, Mohr was convicted of one count of the two count indictment on December 17, 1997. Following his conviction, Mohr pled guilty to the second count of the indictment. As to count one, Mohr received a sentence of twenty years, seventeen of which was to be served without the possibility of parole. As to count two, Mohr received a sentence of ten years to be served concurrently with the sentence imposed in respect to count one.
¶ 3. On September 29, 1999, Mohr filed his petition for an out-of-time appeal. The relevant portion of Mohr’s petition for post-conviction relief stated this:
That on or about the 19th day of December, 1997, and at the Conclusion of the Trial Proceeding if said No. 15439-A and Jury Verdict of Guilty, I, the Affi-ant, Randi Mohr, desired to appeal the said Jury’s verdict of Guilty. I got the understanding my attorney would file my appeal perfect such appeal, and that I do now desire to appeal, and that the failure to timely to file my appeal, is do to no cause of the Affiant, Appellant, but due to the Affiant’s said trial attorney’s who has since the trial, abandoned the Affiant’s case.
¶ 4. An evidentiary hearing concerning Mohr’s petition was held on May 22, 2000. The only witnesses to testify were Mohr and his former attorney Ed Bean. On May 25, 2000, the circuit court denied Mohr’s motion for an out-of-time appeal.
DISCUSSION

I. Right to Out-of-Time Appeal

¶ 5. This Court will not disturb findings of a trial court after an evidentia-ry hearing in a post-conviction relief case “unless, although there is evidence to support [the trial court’s findings], we are on the entire evidence left with the definite and firm conviction that a mistake has been made.” Lambert v. State, 777 So.2d 45, 47 (Miss.2001).
¶ 6. On the specific claim of being entitled to an out-of-time appeal, Mohr had to demonstrate by a preponderance of the evidence that he timely had asked his attorney to appeal, that his attorney failed to file, and the failure was not caused by Mohr. See Dickey v. State, 662 So.2d 1106, 1108 (Miss.1995). The only witnesses to testify at the evidentiary hearing were Mohr and his attorney. Mohr was the first to testify. During Mohr’s initial statement before the circuit court, he complained that the rule prohibiting witnesses from being inside the courtroom until they had testified should not have been invoked at his trial, that false statements concerning him had been printed in the local newspaper, and that he was not provided adequate notice of the hearing that was then being conducted. He did not complain during his direct testimony that his attorney failed to file a timely appeal. This central claim of Mohr’s petition for post-conviction relief was not mentioned until Mohr was cross-examined by the assistant district attorney.
¶ 7. During cross-examination, Mohr claimed that he was told after the trial that his attorney would visit him in a few days and discuss an appeal. When asked if he had any documentation that his attorney would come see him, Mohr stated that “I have witnesses to that effect and there’s a statement in the paper saying that he was going to make motions.” Mohr makes a similar allegation in his brief. Mohr did not identify his witnesses at the evidentia-ry hearing. In fact, Mohr did not identify his witnesses until six months after the hearing. At that time two affidavits, one signed by Mohr’s mother and brother and another signed by a minister, were attached to Mohr’s handwritten motion for *1211 enlargement of time and motion to amend the certified record.
¶ 8. Mohr never testified during the evi-dentiary hearing that he requested that Bean file an appeal. Mohr only stated that he was told his lawyer would come by to see him and that the evidentiary hearing was the first time he had seen Bean since the trial and sentencing. Mohr also stated that he and Bean “never talked.” Mohr’s affidavits also do not state that Mohr requested Bean to file an appeal. The affidavits only state that Bean would come by to see Mohr. The first time that Mohr claims he requested that Bean file an appeal appears in Mohr’s brief.
¶ 9. At the evidentiary hearing, Bean testified that after the trial he discussed the possibility of an appeal in the courtroom with Mohr and with Mohr’s mother and brother. Bean testified that he informed Mohr and his family that Mohr would have ten days in which to file any post-trial motions and thirty days after the post-trial motions were ruled upon to file an appeal with the supreme court. Bean also testified that he informed Mohr, again in the presence of Mohr’s family, that Mohr had to make a decision concerning the post-trial motions and appeal before the expiration of the ten-day deadline and that his fee would have to be paid before any post-trial motion or appeal was filed. Bean stated that he did not hear from either Mohr or Mohr’s family at any time thereafter until Mohr filed his petition for post-conviction relief.
¶ 10. Mohr claimed that he and Bean did not discuss an appeal and Bean asserts that the possibility of an appeal was discussed at the conclusion of the trial. Issues of credibility were for the trial judge to resolve. Jackson v. State, 778 So.2d 786, 789 (Miss.Ct.App.2001). The judge weighed the testimony and concluded that the testimony of attorney Bean was credible. The judge further found that there was no corroborating evidence to support any of Mohr’s claims and that Mohr failed to meet his burden of proof.
¶ 11. The supreme court has held that where a petitioner offers “nothing but his own in-court statements contradicted by his attorney, [that] this Court is not ‘left with the definite and firm conviction that a mistake has been made.’ ” Diggs v. State, 784 So.2d 955, 957 (Miss.2001). Mohr offered no evidence or testimony to support his claim that he was under the impression that Bean would file an appeal on his behalf. Indeed, Mohr never stated during the evidentiary hearing that he even requested Bean to file an appeal on his behalf.
¶ 12. One means to avoid some of these factual issues has been noted by the Supreme Court: “disputes between lawyer and client over instructions to take or not to take an appeal are difficult to resolve without a record. Lawyers should also assist the court in this regard by reducing decisions whether to appeal a criminal conviction to a writing signed by the defendant.” Wright v. State, 577 So.2d 387, 390 (Miss.1991).
¶ 13. In his appellate brief, Mohr claims that he was unable to call witnesses for the purpose of testifying at his post-conviction relief hearing. That claim was never brought to the attention of the trial court. During cross-examination, Mohr stated that he had witnesses who would state that Bean was to see him about his appeal, but Mohr never mentioned those witnesses during the hearing again and did not request time to call them. In his brief, Mohr claims that he was denied an opportunity to telephone his witnesses, but Mohr did not bring that allegation to the attention of the trial court.
*1212 ¶ 14. Mohr also claims that he was unaware that he could request a continuance to procure his witnesses. However, this Court has stated that those “proceeding pro se are to be held to the same rules of procedure and substantive law” as those represented by counsel. Retherford v. State, 749 So.2d 269, 272 (Miss.Ct.App.1999).
¶ 15. Mohr argues that the trial court did not provide adequate notice of the evidentiary hearing. While Mohr raised at the hearing the issue of inadequate notice and that he therefore had not had time to review that petition that he filed, Mohr later waived that issue. At the end of Mohr’s questioning of Bean, the following colloquy took place between Mohr and the trial judge.
Judge: Mr. Mohr, here is the court file, you mentioned that you had not read your petition. It’s in here if you would like to look at it before you take the stand again.
Mohr: Well, the one thing I need to make a statement on I don’t need to look at that. It is something he [Bean] said that the Pike County Sheriffs Office can verify.
Judge: All right. I’ll let you make a statement, but I’m offering you the opportunity to read the petition before you make a statement. You want to go ahead and make your statement?
Mohr: I want to make a statement, yeah.
¶ 16. The trial court properly denied Mohr’s petition for an out-of-time appeal.

II. Ineffective Assistance of Counsel For Failure to Notify Mohr of His Right to a Direct Appeal

¶ 17. Mohr alleged in his petition for post-conviction relief that Bean “abandoned” his case. We consider that claim to be one for ineffective assistance of counsel. Mohr alleges in his brief that his attorney failed to inform him of his right to a direct appeal and that he coerced Mohr into pleading guilty to the second count of the indictment. However, Mohr did not raise any of these claims before the trial court. Thus these claims are procedurally barred. “Before an issue may be assigned and argued here, it must first have been presented to the trial court. Where the issue has not been timely presented below, it is deemed waived.” Read v. State, 430 So.2d 832, 838 (Miss.1983).
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ„ CONCUR.