848 So.2d 900 (2003)
Shannon V. GARDNER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00327-COA.
Court of Appeals of Mississippi.
June 24, 2003.
Shannon V. Gardner, appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before MCMILLIN, C.J., THOMAS and CHANDLER, JJ.
THOMAS, J., for the court.
¶ 1. Shannon Gardner pled guilty to escape and burglary and was sentenced to nine years in prison to run consecutively to his previous sentence for burglary. Aggrieved, he asserts the following issues:

I. THE CIRCUIT COURT'S DISMISSAL IS A DENIAL OF JUSTICE AND VIOLATES THE RIGHTS OF PETITIONER.

II. PETITIONER RECEIVED AN UNCONSTITUTIONAL SENTENCE.

*901 III. PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

IV. PETITIONER IS FULLY ENTITLED TO THIS APPEAL REGARDLESS OF TIME LIMITATIONS DUE TO CONSTITUTIONAL GROUNDS ASSERTED.
Finding no error, we affirm.

FACTS
¶ 2. Shannon Gardner pled guilty to burglary and was serving a five year sentence in the Neshoba County Jail. Gardner signed a voluntary waiver and consent for work assignment and was assigned to a road crew. On June 11, 1996, Gardner fled from the road crew. During his escape he burglarized a dwelling to obtain clothes and a firearm. On June 12, 1996, Gardner was apprehended by authorities and placed back in custody.
¶ 3. On July 11, 1996, Gardner pled guilty to one count of burglary and one count of felony escape. He was sentenced to serve six years for the burglary and three years for the escape, for a total of nine years in the custody of the Mississippi Department of Corrections. Gardner subsequently filed a motion for post-conviction relief on November 21, 2001.

ANALYSIS
¶ 4. "When reviewing a lower court's decision to deny a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo." Graves v. State, 822 So.2d 1089, 1090(¶ 4) (Miss.Ct.App.2002) (citing Pickett v. State, 751 So.2d 1031, 1032(¶ 8) (Miss. 1999); Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)).
¶ 5. Gardner asserts a number of issues in this appeal. All are time barred and procedurally barred according to Miss. Code Ann. § 99-39-5(2) (Supp.2002), which allows a three year window in which to file an appeal. Gardner's motion for post-conviction relief was filed well beyond the three year limitations period, and there are no exceptions which would extend this period. Miss.Code Ann. § 99-39-5(2) (Supp.2002). Petitioner's pro se status and ignorance of the law alone are wholly insufficient to establish cause. Culberson v. State, 612 So.2d 342, 346-47 (Miss.1992).
¶ 6. If the appellant did not present to the trial court the proposition that his sentence was unconstitutional, he may not assert that allegation on appeal, and it is procedurally barred. Reed v. State, 536 So.2d 1336, 1339 (Miss.1988); Ivory v. State, 840 So.2d 755, 758-759 (¶ 9) (Miss. App.2003). Without waiving this procedural bar, we address Gardner's claim that he received an unconstitutional sentence.
¶ 7. Gardner asserts that his sentence is unconstitutional and cites Miss. Code Ann. § 97-9-49 as his authority. The statute limits the sentence a prisoner can receive to six months added to the sentence for which he/she is already serving. Gardner contends that his sentence of three years was well over the allowed sentence of the statute. Gardner fails to note that he pled guilty to Miss.Code Ann. § 97-9-45, which refers to prisoners sentenced to the Mississippi Department of Corrections and allows a maximum sentence of five years. Under this statute, Gardner's sentence is well within the prescribed court discretion. Although Gardner was in custody and working for Neshoba County at the time of his escape, his original sentence of burglary requires imprisonment in the "Penitentiary." Miss. Code Ann. § 97-17-23 (Supp.2002). *902 "Whenever the term `penitentiary' or `state penitentiary' appears in the laws of the State of Mississippi, it shall mean any facility under the jurisdiction of the Department of Corrections." Miss.Code Ann. § 47-5-3 (Supp.2002). "Commitment to any institution or facility within the jurisdiction of the department shall be to the department, not to a particular institution or facility." Miss.Code Ann. § 47-5-110 (Rev.2002). Work programs are authorized by Miss.Code Ann. § 47-5-451 (Rev.2002) for state inmates in custody of a county. The Mississippi Department of Corrections recommends rules and regulations concerning the participation of state inmates in the program. Miss.Code Ann. § 47-5-451 (Rev.2002).
¶ 8. Miss.Code Ann. § 97-9-45 states:
Any convict who is entrusted to leave the boundaries of confinement by authorities of the Mississippi Department of Corrections or by the governor, and who wilfully fails to return within the stipulated time, or after the accomplishment of the purpose for which he was entrusted to leave, shall be considered an escapee and subject to prosecution under this section.
Miss.Code Ann. § 97-9-45 (Rev.2002). Gardner was properly charged under § 97-9-45 and entered a plea of guilty. The sentence he received is well within the maximum prescribed by the statute.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHOBA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.