# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-01725-COA

CARLOS BOYD SMITH A/K/A CARLOS SMITH          APPELLANT

v.

STATE OF MISSISSIPPI          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/05/2017 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | STONE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CARLOS BOYD SMITH (PRO SE) |
| ATTORNEY FOR APPELLEE: | JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/21/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., TINDELL AND McDONALD, JJ.

### TINDELL, J., FOR THE COURT:

¶1. Carlos Boyd Smith ("Smith") appeals the denial of his petition for post-conviction relief by the Stone County Circuit Court. In his petition, Smith sought permission from the circuit court to proceed with a pro se out-of-time appeal. The circuit court denied his motion, finding that it had no jurisdiction to allow Smith's out-of-time appeal due to the untimeliness of his request. Because more than 180 days had passed since the entry of the final judgment of conviction, we find that the circuit court was within its discretion to deny the petition for lack of jurisdiction. Further, because Smith has failed show good cause, pursuant to Mississippi Rule of Appellate Procedure 2(c), this Court declines Smith's request to suspend the appellate rules and allow his out-of-time appeal to proceed. Accordingly, we affirm the

circuit court's decision.

## FACTS AND PROCEDURAL HISTORY

¶2. On January 22, 2016, a jury convicted Smith of sexual battery. Smith was sentenced on February 15, 2016, to twenty-two years in the custody of the Mississippi Department of Corrections, to serve day for day. The circuit court denied Smith's motion for a judgment notwithstanding the verdict or, in the alternative, a new trial on that same day, as well. No direct appeal was timely filed in this case. On June 2, 2017, Smith filed a petition for post-conviction relief to proceed with a pro se out-of-time appeal, which the circuit court denied on July 5, 2017. In its order, the circuit court denied Smith's petition for lack of jurisdiction because he sought an out-of-time appeal well past the 180-day deadline imputed by the Mississippi Rules of Appellate Procedure. Smith now appeals this decision.

## ANALYSIS

¶3. Mississippi Rule of Appellate Procedure 4(a) requires that notices of appeals "shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." Where a notice of appeal is not timely filed, the Rules allow a circuit court to reopen the time period for appeal if the court finds "(a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced." M.R.A.P. 4(h). But, the circuit court "lacks jurisdiction to consider a request for an out-of-time appeal more than 180 days after the entry of the final judgment, and denials of such requests will be reviewed for abuse of discretion." *Whittaker v. State*, 199 So. 3d 1261, 1263 (¶6) (Miss. Ct.

2

App. 2016) (citing *Edmond v. State*, 991 So. 2d 588, 589 (¶5) (Miss. 2008)).

¶4. The final judgment of conviction in this case was entered on January 22, 2016, and the circuit court formally denied Smith's motion for new trial on February 15, 2016. On June 2, 2017, more than fifteen months later, Smith filed his petition for out-of-time appeal. As the circuit court correctly stated in its order, more than 180 days had passed since the entry of the final judgment of conviction, leaving the court without jurisdiction to consider Smith's petition. As such, the circuit court had discretion to deny the petition for lack of jurisdiction.

¶5. Although the circuit court was without authority to hear Smith's out-of-time appeal, in the interest of justice and upon a finding of good cause, the rules allow this Court to suspend the requirements of Rule 4(h) and proceed with the appeal. M.R.A.P. 2(c). Good cause may be found where a defendant proves by a preponderance of evidence that he asked his attorney to appeal within the time prescribed by law and, through no fault of his own, his attorney failed to perfect the appeal. *Havard v. State*, 911 So. 2d 991, 993 (¶10) (Miss. Ct. App. 2005). The burden of proof lies squarely upon the defendant to provide at least some evidence that he invoked his right to appeal, and that right was denied. *Diggs v. State*, 784 So. 2d 955, 957 (¶8) (Miss. 2001).

¶6. Here, the record is completely devoid of any evidence to allow Smith's out-of-time appeal. Smith provided no affidavit, documentation, or testimony to the circuit court in his petition for an out-of-time appeal (other than his affidavit of indigency). There was no indication by counsel or by Smith after the jury rendered its verdict or during the sentencing hearing that Smith desired to appeal. While this Court may assume that a man sentenced to

3

twenty-two years in prison would likely desire to appeal his conviction, the rules require some *showing* of good cause in order to allow an out-of-time appeal to proceed. M.R.A.P. 2(c).

¶7.     In *Minnifield v. State*, the defendant submitted letters to the circuit court where his grandfather had attempted to make requests for appeal to counsel while the defendant was incarcerated. *Minnifield v. State*, 585 So. 2d 723, 724 (Miss. 1991). This, along with testimony from the defendant's grandfather, sufficed to meet the requirements to allow the out-of-time appeal to proceed. *Id*. at 725. Likewise, in *Barnett v. State*, the defendant submitted three affidavits with his petition for out-of-time appeal, each providing testimony that the defendant did express his desire for appeal to his attorney. *Barnett v. State*, 497 So. 2d 443, 444 (Miss. 1986). In contrast, defendants' requests for out-of-time appeal have been denied even where some evidence was provided. *See Mohr v. State*, 800 So. 2d 1208, 1210-12 (¶¶5-16) (Miss. Ct. App. 2001) (affirming the circuit court's denial of an out-of-time appeal for lack of evidence where two affidavits and defendant's testimony were submitted to the court); *Dickey v. State*, 662 So. 2d 1106, 1108-09 (Miss. 1995) (affirming the denial of an out-of-time appeal where the record contained an affidavit by defendant claiming that he asked for an appeal from counsel).

¶8.     Here, the Court only has Smith's arguments provided in his brief to support his contention that he sought to appeal his conviction and was denied that right by his attorney. Where a defendant provides such little evidence to support a showing of good cause, the Court is "not 'left with the definite and firm conviction that a mistake has been made'" and

4

will remain unconvinced that the appeal must go forward. *Diggs*, 784 So. 2d at 957 (¶8). Here, the defendant has given this Court no foundation to support a showing of good cause under the rules. As such, the interests of justice do not support Smith's request to allow this appeal to proceed.

¶9.     To support his contentions, Smith further argues that he possesses no knowledge of the court system or the time table associated with an appeal. But a pro se petitioner's ignorance of the law and procedures is insufficient to establish good cause for appeal. *Gardner v. State*, 848 So. 2d 900, 901 (¶5) (Miss. Ct. App. 2003). Therefore, Smith's lack of legal knowledge argument is meritless.

¶10.    Finally, Smith argues that his trial counsel was ineffective for failing to timely file his direct appeal. Smith argues that he was "lied to and abandoned" by his attorney because he believed that his attorney would "take care of" his appeal, which never materialized. A similar argument was made in *Mohr v. State*, 800 So. 2d 1208 (Miss. Ct. App. 2001). Mohr argued in his post-conviction petition before the trial court that his attorney failed to inform him of his right to a direct appeal and he felt that he had been abandoned. *Id*. at 1212 (¶17). This Court treated Mohr's claim as one for ineffective assistance of counsel. *Id*. Likewise, this Court will view Smith's assertions in the same light.

¶11.    For a successful claim of ineffective assistance of counsel, "a defendant must prove that his attorney's performance was deficient, and that the deficiency was so substantial as to deprive the defendant of a fair trial." *Osborn v. State*, 695 So. 2d 570, 575 (Miss. 1997) (citing *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984)). The judiciary considers the

5

totality of the circumstances to determine whether counsel's conduct was both deficient and prejudicial to the defendant. *Carney v. State*, 525 So. 2d 776, 780 (Miss. 1988). Unless it is reasonably probable that but for counsel's deficiencies the defendant would have received a different outcome, the Court will find an attorney's representation acceptable. *Dickey*, 662 So. 2d at 1106. In *Osborn*, 696 So. 2d at 575, the Court gave considerable weight to the fact that there was no evidence in the record suggesting that the defendant expressed a desire to appeal to his counsel in its analysis of the defendant's ineffective assistance of counsel claim. The Court ultimately found that defense counsel's conduct fell within the "wide range of reasonable professional conduct." *Id*.

¶12. Likewise, here, there is no evidence in the record to suggest that Smith advised his counsel of his desire to appeal. Much like the preponderance-of-evidence standard with out-of-time appeals, to succeed in an ineffective assistance of counsel claim, the defendant has the burden to provide *some* evidence that his counsel's deficiency was so substantial as to materially affect the outcome of his case. Again, no such can be found in this case. Because Mississippi's appellate courts give such high deference to the wide range of reasonable conduct in the legal profession, this Court cannot deem the conduct of Smith's attorney as ineffective.

## CONCLUSION

¶13. It is clear to this Court that Smith filed his post-conviction petition for out-of-time appeal well beyond the 180-day deadline imposed by Rule 4(h). Such untimely conduct left the trial court with no choice but to deny the petition for lack of jurisdiction. This Court,

6

however, possesses the authority to allow such appeal to proceed, but only upon a proper showing of good cause. No such evidence was exhibited here, and the record provides no indication that Smith advised counsel or the trial court of his desire to appeal. Further, since there is no indication in the record that Smith sought to appeal his conviction, his attorney's failure to perfect the appeal does not render his services ineffective under Mississippi law. We therefore affirm the circuit court's order denying Smith's post-conviction petition for an out-of-time appeal.

¶14. **AFFIRMED.**

**BARNES, C.J., CARLTON P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. J. WILSON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**